## The Franklin Mining Company v. Samuel B. Harris.

*Contract: Hiring for a year: Question of fact: Error.* In a controversy where the question was, whether there was or was not a hiring for a year, and the plaintiff's testimony tended to show that he supposed the hiring to be for a definite period, it appearing from the negotiation that the plaintiff was seeking a permanent situation, that both parties understood that it might continue for a year, and the compensation was fixed at a definite sum *per annum,*—it is not error for the court to refuse to charge the jury that there was no evidence of a hiring for a definite period and that the verdict must be for the defendant.

*Bill of exceptions: Errors assigned.* Evidence in an action of *assumpsit,* offered by the plaintiff in error, in the court below, for a different purpose, will not be considered in the appellate court for the purpose of establishing a defense not presented in the court below, and upon which no point was made in the bill of exceptions.

*Heard October 28. Decided November 29.*

Error to Houghton Circuit.

This was an action of *assumpsit* brought by Samuel B. Harris, in the circuit court for the county of Houghton, against the Franklin Mining Company, to recover the balance unpaid of the contract price for his services for the defendants for the period of one year, at the rate of one thousand eight hundred dollars per annum. The plaintiff alleged that he had been hired for a year, and discharged at the end of eight months, without fault on his part, and had been paid only for the time of actual service rendered. The defendant pleaded the general issue. The plaintiff below, and the agent of the defendant, who made the contract with the plaintiff, were sworn as witnesses on the trial.

The counsel for the defendant requested the circuit judge in writing to charge the jury as follows: "There is no evidence in this case of a contract made by the company to employ the plaintiff for a definite period, and the jury must find for the defendant." This charge the circuit judge refused to give, and the defendant excepted.

The jury found a verdict for the plaintiff, and the judg-

ment entered thereon, comes into this court by writ of error.

*Ball & Chandler,* and *C. I. Walker,* for plaintiff in error.

*Ashley Pond,* for defendant in error.

COOLEY, J.

After some hesitation, we are inclined to agree with the circuit judge that there was some evidence from which the jury might infer that the employment of Harris as mining captain was for at least a year.

Harris' own evidence was that he objected to giving up an existing employment, which was apparently a permanent one, for an uncertainty; and he asked Wren, the agent who was negotiating with him, how he wanted to make the bargain—whether for a specific time or not,—and Wren replied that it was immaterial to him; just as Harris felt about 'it. Harris then gave his reason for desiring an employment for a particular time, and said the Franklin mine management changed so often he did not know what might happen. Wren replied there was no fear of that; he would see the plaintiff all right. They then talked about salary, Wren offering sixteen hundred dollars a year and Harris wanting eighteen hundred dollars, at which sum it was finally fixed, Wren saying he would not let one hundred dollars or two hundred dollars stand in the way of getting the man he wanted. All this goes to show that the parties expected at least, that the employment would continue for the year; and as Wren's evidence does not detract from the force of this at all, but rather tends to strengthen it, inasmuch as he testifies to having told Harris that he would probably be there a year or perhaps longer, we think the jury were not wholly unwarranted in finding from it that

FRANKLIN MINING COMPANY v. HARRIS.

the minds of the parties met upon an engagement which was not to be terminated under a year.

It was suggested on the argument that Wren's evidence should be left out of view in considering this point, because if it showed any bargain for a year, it was one within the statute of frauds, inasmuch as the conversation he swore to took place before the service was to commence; so that if a contract for a year was then made, it could not have been one to be performed within a year from the making. No such point however, appears to have been made in the court below, but on the contrary, the inference from the record is, that Wren's evidence was put in on behalf of the plaintiff in error for no other purpose than to qualify that of Harris, and show that the employment was not a permanent one. Judgment affirmed.

The other Justices concurred.