FREDERICK WICKS ET AL. v. ELIZABETH ROSS.

*Damages for Obstructing Highway—Evidence of User.*

Damages for obstructing a highway so that plaintiff could not draw wood to market cannot be measured by the quantity plaintiff could have got out with the unobstructed use of the road, unless there is evidence that he desired to get it out and could and would have sold it but for the obstruction.

In establishing the character of a rarely traveled road as a high-way by user, evidence of an understanding in the community that the way was public was *held* admissible in connection with evidence of its use, as tending to negative any suppo-sition that the use was merely by license or sufferance.

In showing the public character of a road, evidence that the overseer of highways has allowed a road tax to be worked out on it was held admissible as bearing on the question, if guarded by the charge that his act did not make it a public highway.

Where the question was whether the plaintiff had an available road to market, it was proper to charge that a road, whether lawfully laid out or not, was not a public way for the pur-poses of the case unless in condition for use.

A point cannot be based in the Supreme Court upon a fact to which the attention of the court below was not called by the objection made. So *held* where a question below had been objected to merely for incompetency, but the ground was taken in the Supreme Court that the evidence it called for covered a period since the commencement of suit.

A charge is presumed to be warranted by evidence if the bill of exceptions does not expressly show that there was none to support it.

Error to Wayne. Submitted Oct. 18. Decided Oct. 23.

Trespass on the case. The facts are in the opinion.

*Prentis & Fox* for plaintiffs in error.

*Henry M. Cheever* for defendant in error. In suing for damages, evidence of profits lost is admissible, *Allison v. Chandler*, 11 Mich., 542; everything tending to show the damages as claimed in the declaration, or their probable amount, should go to the jury, *Gilbert v. Kennedy*, 22 Mich., 117; also evidence showing defendant's motive, as bearing on the question of malice, *Ganssly v. Perkins*, 30 Mich., 492; *Elliott v. Van Buren*, 33 Mich., 49; *Welch v. Ware*, 32 Mich., 77; *Elliott v. Herz*, 29 Mich., 202.

Cooley, C. J. I. The defendant in error recovered judg-ment in the court below for a special injury occasioned to her by the obstruction of what she claimed was a public highway. The principal contention on the trial was over

the question whether there was in fact a public way; the plaintiff in the suit maintaining that one had become established by user, and the defendants denying this. The special damage for which the plaintiff claimed to recover arose from her being prevented from drawing and marketing wood. She testified that she sold and delivered to the Michigan Central Railroad Company in the winter of 1875–6 twenty-one cords, and in the following winter one hundred cords. She was then asked how much she could have gotten out if she could have had the unobstructed use of this road. The question was objected to as incompetent, irrelevant and immaterial, but was allowed, and she replied, two hundred or three hundred cords. We think this question was objectionable, because it suggested a basis for the recovery of damages which was no basis at all. What she might have done was of no importance unless she showed not only that she desired to get out more, but could and would have sold and delivered it but for the obstruction. She gave no evidence that covered this ground. But the judge in his instructions to the jury cured any error which was committed in receiving this evidence; for he expressly told them that they must not allow the plaintiff damages for wood she had neither cut nor sold, and which she did not show she could have sold. But the point is also made in this court that the evidence covered a period of time after the commencement of suit, and therefore was inadmissible. If this be so, the attention of the circuit judge should have been called to the fact by the objection made. It is too late to have the benefit of it now.

II. On the question whether the *locus in quo* was a public highway considerable latitude was allowed in the examination of witnesses, and we think very properly. As already stated, user was relied upon to establish the public character of the way, and as the occasions for its use appear to have been very infrequent, the plaintiff supplemented proof of these by evidence tending to show an understanding in the community that the way was public. In connection with evidence of the use we think this was competent; it went

to characterize what was done and to negative any supposition or inference that the use was by license or sufferance merely.

III. Among other facts shown by the plaintiff was this: that in one season the overseer of highways had allowed her husband to work out a road tax on the disputed line. Upon this the defendants requested the court to charge the jury that the act of the overseer did not make the strip of land a public highway; and his refusal to do so is assigned for error. But it appears from the bill of exceptions that he did give the instruction, with the addition that the fact might nevertheless be considered as bearing upon the question in dispute. No reasonable objection can be made to this; it was very fair and entirely correct.

IV. It is also objected that the instructions of the judge left it to the jury to find whether or not there had been a ten years' use of the way as a public way, so as to establish it as such under the statute (Comp. L., § 1268) when there was no evidence tending to prove a user for that length of time. Upon this we can only say that the bill of exceptions does not expressly negative the giving of such evidence, and we must suppose the instruction was warranted until the contrary is shown.

V. The question whether the plaintiff did not have another route for taking off her wood, by a town line road, was mooted on the trial, and the defendants requested the court to submit to the jury the question whether there was on the town line a public highway. This was done with the following explanation: "You will determine from the evidence whether the road was open or not. I will say to you that as far as this question is concerned, that it could not have been a public highway unless it was open to public travel so that people might have traveled through on the road if they saw fit to do so." This was objected to, and it is correctly said that there might have been a public highway whether it was capable of being used or not. But the instruction must be examined in the light of the facts in this case, and of the point in dispute. It was immaterial whether there was in fact a highway on the town line

or not, if it was not open to use.   The question was whether
the plaintiff had another available road to market after the
defendants had obstructed the road in dispute; and when
the court told the jury that "so far as this question was
concerned," the town line road was no public way unless
it was in condition for use, we do not understand him to
have intended any thing more than this: that it was no
highway for plaintiff's use if in fact it could not be used.
Whether a highway was lawfully laid out there, was of no
importance whatever to this controversy, unless it was also
susceptible of being used.

We have noticed all the exceptions that seem to us to
require attention, and find none of them well taken.

The judgment must be affirmed with costs.

CAMPBELL and GRAVES, JJ., concurred.

MARSTON, J., did not sit in this case.