## MAHIAT *v.* CODDE.

1. TRIAL—OBJECTIONS TO EVIDENCE—APPEAL.

An assignment of error founded upon a general objection to the admission of testimony will not be considered. Counsel must state the reasons for their objections, and will be limited upon appeal to the reasons stated.

2. MOTION FOR NEW TRIAL—APPEAL.

Reasons why a motion for a new trial should have been granted, which were not called to the attention of the lower court, will not be considered upon appeal.

3. INSTRUCTIONS TO JURY—REQUESTS TO CHARGE.

Where all of the essential features of a case are covered by the instructions to the jury, it is sufficient. If counsel desire more explicit instructions, requests therefor should be presented.

4. NEW TRIAL—BREACH OF PROMIS   OF MARRIAGE—EXCESSIVE DAMAGES.

A verdict of $5,000 in an action for breach of promise of marriage is *held* not to have been so grossly excessive as to require the interference of the appellate court by granting a new trial.

5. BREACH OF PROMISE OF MARRIAGE—DAMAGES—INSTRUCTIONS TO JURY.

A charge to the jury as to the measure of damages in an action for breach of promise of marriage, which was substantially the same as that given in *Miller* ⟍ *Rosier*, 31 Mich. 479, was approved.

Error to Wayne; Frazer, J.   Submitted June 12, 1895. Decided September 26, 1895.

*Assumpsit* by Mary Mahiat against August Codde for breach of promise to marry.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Oscar M. Springer,* for appellant.

*William Stacey,* for appellee.

GRANT, J.   Plaintiff recovered verdict and judgment for $5,000 for breach of promise of marriage.   The defendant's wife died June 19th, and in August following he commenced his attentions to plaintiff.   September 12th he proposed marriage to her.   He admits the proposal. She testified that she promised to consider the proposal; that two days after he came for an answer, and she accepted.   The acceptance is denied by him.   The jury found that the marriage contract was consummated, and the proofs are ample to sustain their finding.   His letter to her dated October 11th is conclusive on this point. Referring to the conduct of his daughter to the plaintiff shortly before, evidently owing to her opposition to the marriage, he wrote: "If the whole world torment us against our union, there would be no change;" and signed himself "Your intended."   The question of the contract was, therefore, properly left to the jury, and their finding is conclusive.

1. Two questions were asked by plaintiff's counsel to which counsel for defendant, according to the record, simply said, "Objected to," giving no reasons for his objections.   The reasons now urged against their admissibility are not such as would at once occur to the court.   Such a statement is not a sufficient basis for an exception, and will not be considered upon appeal.   Counsel must state the reasons for their objections, and will be limited, in this court, to the reasons stated.   *Abbott* v. *Chaffee,* 83 Mich. 256; *Merkle* v. *Bennington Tp.,* 68 Mich. 133, and authorities there cited.

2. Counsel for defendant made a motion for a new trial, alleging 19 reasons therefor.   This motion was overruled,

and the defendant excepted. The only error assigned
upon this motion is that the court erred in denying it,
for the reasons therein set forth. It is unnecessary to
determine the question, urged by plaintiff's counsel,
whether the exception and assignment are sufficiently
definite. Many of these reasons refer to points not raised
upon the trial, and to which the attention of the court
was not called. These cannot be considered upon review
by this court. *Waterman* v. *Waterman,* 34 Mich. 490;
*Lane* v. *Pere Marquette Boom Co.,* 62 Mich. 63; *Wicks* v.
*Ross,* 37 Mich. 464; *Franklin Mining Co.* v. *Harris,* 24
Mich. 115.

The instructions of the court covered all the essential
features of the case, and were, therefore, sufficient. If
counsel desired more explicit instructions, they should
have presented their requests to the court. *Brown* v. *Furniture Co.,* 65 Mich. 360.

It was also insisted, upon the motion for a new trial,
that the verdict was so excessive that the court should
interpose and grant a new trial. The learned circuit
judge passed upon this question, and decided otherwise.
It is now urged, with great persistency, that this court
should reverse the verdict for that reason, and counsel
make a strong argument upon the merits of the contro-
versy, which would be very appropriate before a jury.
The testimony is very strong that the plaintiff refused to
live in the house in which defendant was then living;
that she insisted upon a transfer of property to her, and
that her sister should live with them, at his expense; and
that she said he was too old, and she didn't want him.
Some of these statements were admitted and explained,
and others denied. There was a clear conflict of evidence
upon all the essential points of the case. The circum-
stances under which the contract was made and broken,
and the financial condition of the parties, were fairly
placed before the jury, whose peculiar province it was to
assess the damages. We cannot hold the verdict to be

so grossly excessive as to demand our interference by granting a new trial.

3. Error is assigned upon the instructions given at the request of the plaintiff. They were, in substance, the same as those approved by this court in *Miller* v. *Rosier*, 31 Mich. 479.

4. Complaint is made of the argument to the jury by the plaintiff's counsel. We find nothing in it which requires a reversal of the case, and it would be of no benefit to the profession to quote the language complained of, with the explanation necessary to its full understanding.

The judgment is affirmed.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.