TOWNSHIP OF ROYAL OAK *v.* CITY OF PLEASANT RIDGE.

1. JUDGMENT—CONSENT DECREE—REMAND FROM SUPREME COURT.

   In suit between township and city for an accounting, decree entered in trial court after remand from Supreme Court which had modified previously entered decree so as to provide for a contingency which might arise in the future, which was signed by trial judge without having his attention called to omission of provision as to contingency, although consented to as to form by defendant city's attorney, did not constitute a consent decree.

2. COMPROMISE AND SETTLEMENT—RENDITION OF OPINION BY SU-PREME COURT.

   A civil case may be settled at any time with the consent of all the parties thereto even after rendition of an opinion by the Supreme Court but it must plainly appear that such settlement was made by proper parties, with due authorization, in proper manner and without fraud or mistake.

3. JUDGMENT—CONSENT DECREE—MUNICIPAL CORPORATIONS—AU-THORITY.

   While there is no legal impediment to the entry of a consent decree by a trial court, when it departs from the legal obligations as provided by law between municipal corporations or the taxing powers thereof, it is highly important that the decree be entered either in the Supreme Court, or if in the lower court, then with .full consent and consideration of the parties through proper action of their respective legislative bodies acting within their authority.

4. SAME—MODIFICATION—DECREE NUNC PRO TUNC—MUNICIPAL COR-PORATIONS—APPROVAL.

   Entry of new decree *nunc pro tunc* so as to include provision for contingent liability for special assessments upon plaintiff city to defendant township was proper where decree entered in trial court failed to include provision for contingency as

provided by modification of Supreme Court, in the absence of approval by the township board of the decree as previously entered.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 12, 1943. (Docket No. 26, Calendar No. 42,511.) Decided December 29, 1943. Rehearing denied February 24, 1944.

Bill by Township of Royal Oak, a municipal corporation, against City of Pleasant Ridge, a municipal corporation, for an accounting and division of assets and liabilities. Cross bill by defendant. On proceedings for entry of decree in conformity with opinion of Supreme Court. Decree entered *nunc pro tunc.* Defendant appeals. Affirmed.

· *Glenn C. Gillespie, Carl A. Braun,* and *Franklin E. Morris,* for plaintiff.

*Arthur E. Moore,* for defendant.

BUTZEL, J. In *Township of Royal Oak* v. *City of Pleasant Ridge,* 295 Mich. 284, we modified the opinion of the lower court and held that certain special assessment bonds were not the general obligations of the township of Royal Oak. We further stated:

"The circuit judge found: 'It is undisputed that the plaintiff township has advanced no money out of its general funds for the redemption of any of said bonds.' Nor does it appear from this record that because of inability to obtain from the special assessments or reassessments funds sufficient to pay the bonds in full, the township may eventually have to pay a balance due on these bonds from its general funds. Should such a condition ultimately. come about, there might then be room for the contention that the contingent statutory liability to advance money from the township's general funds had ac-

crued and that payment, when made, was necessitated because it was then a general obligation of the township contracted before the severance of township territory by the defendant city. In that event the question would be presented as to whether the defendant city of Pleasant Ridge would not be liable for payment of its proportionate share of the general liability of the township which had accrued because of the inability, if such should happen, to derive sufficient funds from the special assessments or reassessments to discharge in full the bond indebtedness. Suffice to say that on this appeal we do not have before us nor are we herein passing upon such a case; but a reservation might well be made in the decree to be entered in this case covering such a contingency."

We also said:

"A decree may be taken in this court modifying the circuit court decree in the particular herein considered, but otherwise the decree heretofore entered in this case will stand."

Unfortunately, instead of the decree being entered in this court, it was entered in the court below and it was stated therein that the special assessment bonds were not the general obligation bonds of the township of Royal Oak. Evidently due to an oversight on the part of the attorneys, all reference to the consideration of a possible future liability, should a certain condition arise, was omitted. The attorney for the township of Royal Oak consented to certain items in the decree. He did not consent except as to form to the provision stating that the city of Pleasant Ridge was not liable for any portion of the special assessment bonds. There is no claim that when the judge signed the decree his attention was called to the omission. The decree was not a consent decree as to the question now in dispute. See *Kirn* v. *Ioor,* 266 Mich. 335.

Subsequently the same question arose again in another case and attention was called to the wording of the decree entered and signed by the circuit judge in the instant case. The township of Royal Oak thereupon sought to have a correct decree following our opinion entered in this court. The city of Pleasant Ridge, however, claimed that the decree was a consent decree and could not be changed. We thereupon entered an order referring the entire matter to the circuit judge who, after taking testimony, found that it was not a consent decree so as to be binding upon the court. He thereupon entered a new decree *nunc pro tunc* in accordance with our opinion in which the question of liability of the city of Pleasant Ridge on account of the special assessment bonds was left undetermined and it was not to be considered unless there was a change of conditions as provided in our opinion. The city of Pleasant Ridge appeals and claims that the decree entered in the circuit court in chancery after our opinion was rendered is a consent decree properly entered, and, therefore, it cannot be reconsidered. It further claims that the township of Royal Oak is estopped from now attacking the consent decree after having accepted benefits thereunder. Incidentally the question is raised whether a consent decree may be entered in a trial court when the Supreme Court has rendered an opinion but has not entered a decree in accordance therewith.

A civil case may be settled at any time with the consent of all the parties thereto. This may be and frequently is done even after an opinion is rendered by the Supreme Court. It must plainly appear, however, that such settlement was made by proper parties, with due authorization, in proper manner and without fraud or mistake. Very frequently in this and other courts, there is a disposition of minor items such as the payment and rate of interest, the

time in which payment is to be made, the computation of costs, and sometimes even the amounts, as determined by compromise, all or some of which do not follow the exact formula set forth in the opinion. Items not passed upon are frequently taken care of in the decree or in case of a dispute by remanding the case to the trial judge. There is no legal impediment to the trial court entering a consent decree, but when it departs from the legal obligations as provided by law between municipal corporations or the taxing powers thereof, it is highly important that the decree be entered in this court, or if in the lower court, then with the full consent and consideration of the parties through proper action of their respective boards or legislative bodies acting within their authority. This was not done in the instant case. According to the attorney for the township of Royal Oak, no consideration was given to the question raised, he did not consent to the disputed provision of the decree, he had no right to consent to it. There were some minor items that were consented to in regard to interest, time of payment, waiver of costs, but there was no consideration given to the release of the city from any possible contingent liability, the consideration of which was expressly reserved to a time when and if the condition, as provided in the opinion, might arise. It does appear that the township of Royal Oak did hesitate about accepting the check offered by defendant but only because it was claimed to be inadequate in amount. The check was finally cashed. The township's attorney was not authorized by any resolution of the township board to effect a release foreclosing any question of liability should conditions change. The record is somewhat indefinite as to what really did take place. The attorney for the township reported that the amended decree had been signed and filed

but furnished no copies of it, nor was there any proof that the individual members of the board had any knowledge of the fact that the decree was not in accordance with the opinion of this court. There was no action of record of any of the board approving the terms of the decree. There was not such an approval by the members as to approach the dignity of an action at an authorized meeting. Consent by several of the members of the board was insufficient to be binding. *Township of Sandstone* v. *Railway,* 198 Mich. 234. The portion of the opinion which was not followed by the decree is wholly prospective in operation. There is nothing in the record which even remotely shows that any consideration was given to a waiver of the provisions of the opinion.

The court was correct in granting the new decree *nunc pro tunc* following all the terms consented to in the decree theretofore entered in the circuit court but incorporating the wording of our opinion in leaving the liability of the city to future consideration should conditions arise so that the township of Royal Oak hereafter might claim that there was such liability.

Decree affirmed, with costs to plaintiff.

Boyles, C. J., and Chandler, North, Starr, Wiest, Bushnell, and Sharpe, JJ., concurred.