HAZEL PARK NONPARTISAN TAXPAYERS ASS'N v.
TOWNSHIP OF ROYAL OAK.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—TRIAL—GROUND OF
APPEAL.
   Question which was not presented at trial of chancery suit and
   was not presented as a ground of appeal will not be considered
   on appeal.

2. CONSTITUTIONAL LAW—TOWNSHIPS—RETROACTIVE STATUTE—SPE-
CIAL ASSESSMENTS.
   Statute providing that if township special assessment funds were
   insufficient to pay bonds issued against such funds and interest
   thereon when due that township board should advance amount
   necessary to pay the bonds and be reimbursed · from such as-
   sessments when collected, or by reassessment of deficiency if
   necessary was not unconstitutional because retroactive (Act
   No. 116, § 3, Pub. Acts 1923, as amended by Act No. 58, Pub.
   Acts 1927).

3. TOWNSHIPS—SPECIAL ASSESSMENT BONDS—CONTINGENT LIABIL-
ITY.
   The contingent liability of a township on special assessment dis-
   trict bonds relates back to the date on which liability arose
   on the special assessment bonds where statute provided that
   township board should advance necessary amount to pay sums
   due thereon when special assessment funds were insufficient
   to pay bonds and interest thereon and for reimbursement of
   township from assessments when collected or by reassessment
   of deficiency if necessary (Act No. 116, § 3, Pub. Acts 1923,
   as amended by Act No. 58, Pub. Acts 1927).

4. SAME—CONTINGENT LIABILITY—CITY INCORPORATED FROM TOWN-
SHIP TERRITORY.
   City incorporated from a part of township territory was not
   relieved of liability for portion of township's contingent lia-
   bility on special assessment bonds by reason of fact that stat-
   ute imposing such contingent liability was passed after incor-

poration of city where such statute was retroactive and bonds were delivered prior to incorporation of city (Act No. 116, § 3, Pub. Acts 1923, as amended by Act No. 58, Pub. Acts 1927).

5. CONSTITUTIONAL LAW—DUE PROCESS—RETROACTIVE STATUTE—TOWNSHIPS—MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—CONTINGENT LIABILITY.

Retroactive statute providing that township would be required to advance money if necessary to pay special assessment bonds and interest thereon, in case special assessment funds were insufficient to do so, would not constitute a taking of property of city without due process of law where city was carved out of township territory after bonds were issued and delivered but before statute was passed (Act No. 116, § 3, Pub. Acts 1923, as amended by Act No. 58, Pub. Acts 1927).

6. SAME—STATUTES.

A statute may not be declared unconstitutional if there is any reasonable ground upon which its validity may be sustained.

7. SAME—STATUTES—PUBLIC PURPOSES—RETROACTIVE EFFECT.

Restoration of the credit of a municipality, restoration of delinquent lands to the tax rolls and the readjustment of the tax burden in a more equitable manner are legitimate public purposes which render an act constitutional, even though applied retroactively and even though private persons may receive benefits incidentally (Act No. 116, § 3, Pub. Acts 1923, as amended by Act No. 58, Pub. Acts 1927; Act No. 13, § 4, subd. i, Pub. Acts 1932 [1st Ex. Sess.], as amended).

8. SAME—TOWNSHIPS—PAYMENT OF SPECIAL ASSESSMENT BONDS—RELIEF OF BONDHOLDERS.

Statute providing that if special assessment funds should be insufficient to pay bonds and interest when due that township board should advance funds to make payment thereof and be reimbursed from assessments when collected and from reassessment for deficiency was not unconstitutional by reason of the fact that its sole purpose was for the relief of bondholders as the discharge of a moral obligation is also a legitimate end of legislation (Act No. 116, § 3, Pub. Acts 1923, as amended by Act No. 58, Pub. Acts 1927).

9. MUNICIPAL CORPORATIONS—REFUNDING BONDS—RELIEF OF BONDHOLDERS.

Act for refunding municipal indebtedness is not unconstitutional on the ground that its sole purpose was for relief of bond-

holders as the discharge of a moral obligation is also a legitimate end of legislation (Act No. 13, § 4, subd. i, Pub. Acts 1932 [1st Ex. Sess.], as amended).

10. TOWNSHIPS—CONTINGENT LIABILITY ON SPECIAL ASSESSMENT BONDS—DATE OF DELIVERY.

Township's contingent liability on special assessment bonds arose, not on the date of the confirmation of the special assessment rolls, but upon the date when the bonds were delivered (Act No. 116, § 3, Pub. Acts 1923; 2 Comp. Laws 1929, § 9261).

11. SAME—CONTINGENT LIABILITY FOR SPECIAL ASSESSMENT BONDS—DATE OF DELIVERY, NOT DATE OF DEFAULT.

Township's contingent liability under special assessment bonds arising where special assessment fund is insufficient to pay bonds and interest when due arises when the bonds are issued and delivered, not when there is default by reason of lack of a sufficient amount in the special assessment fund for making payment (Act No. 116, § 3, Pub. Acts 1923; 2 Comp. Laws 1929, § 9261).

12. SAME—INCORPORATION OR ANNEXATION OF TERRITORY BY CITY—CONTRIBUTION TOWARD TOWNSHIP INDEBTEDNESS.

Date of filing result of election with the secretary of State and the county clerk determines the date of incorporation of a city, or annexation of territory detached from a township, and city becomes liable for contribution toward township indebtedness existing at such date of incorporation or annexation (1 Comp. Laws 1929, § 2249).

13. APPEAL AND ERROR—INJUNCTION—REASSESSMENT FOR DEFICIENCY FOR SPECIAL ASSESSMENT BONDS BY TOWNSHIP.

Mandatory injunction to compel township to reassess for deficiency in special assessment district funds will not be issued where such matter was brought into the proceedings by a late amendment, was not answered by any of the other parties and is not essential to decision on the other questions raised on the appeal (Act No. 116, § 3, Pub. Acts 1923, as amended; 1 Comp. Laws 1929, § 1465 *et seq.*; § 1624).

14. ESTOPPEL—TOWNSHIPS—REASSESSMENT FOR DEFICIENCIES IN SPECIAL ASSESSMENT FUNDS—LIABILITY OF CITIES INCORPORATING TOWNSHIP TERRITORY.

Township was not estopped from claiming liability against cities which had been incorporated, or which had annexed, territory from such township after special assessment bonds had been issued and delivered merely because township had failed to

reassess after there was default in the special assessment funds, as failure to reassess did not terminate the liability of the cities to share proportionately in making up the deficiencies and reassessment is not made a condition precedent to attachment of liability (Act No. 116, § 3, Pub. Acts 1923, as amended; 1 Comp. Laws 1929, § 1465 *et seq.*; § 1624).

15. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

Where no one questions jurisdiction of the circuit court or of the Supreme Court on appeal to consider and pass upon questions raised by interveners or by cross-appellants and important public questions are involved, Supreme Court is justified in entertaining jurisdiction of same on appeal.

16. COSTS—EACH PARTY PREVAILING ONLY IN PART—PUBLIC QUESTIONS.

No costs are awarded to parties on appeal where each has prevailed only in part and public questions are involved.

Appeal from Oakland; Doty (Frank L.), J. Submitted January 7, 1947. (Docket No. 1, Calendar No. 43,479.) Decided April 17, 1947. Rehearing denied June 12, 1947. Appeals dismissed by Supreme Court of the United States December 8, 1947.

Bill by Hazel Park Nonpartisan Taxpayers Association and another against Township of Royal Oak to enjoin collection of taxes on property lying outside of assessment districts. Michigan public debt commission and others intervene. Cross bill by Township of Royal Oak against City of Ferndale and others to determine the obligation of the several cross-defendants on special assessment bonds. Cross bills of complaint by City of Huntington Woods and Pleasant Ridge for an accounting in case they are held liable. Decree fixing liability of the various political subdivisions. City of Ferndale appeals. Cities of Pleasant Ridge, Huntington Woods and Royal Oak cross-appeal. Affirmed in part. Reversed in part and remanded.

*Glenn C. Gillespie* and *Bernard Girard,* for Township of Royal Oak.

*Joslyn, Joslyn & Joslyn,* for interveners Whitcomb.

*Dickinson, Wright, Davis, McKean & Cudlip,* for intervening City of Highland Park.

*William C. Hudson,* for City of Royal Oak.

*Arthur E. Moore,* for Cities of Pleasant Ridge and Huntington Woods.

*Orph C. Holmes* (*Claude H. Stevens,* of counsel), for City of Ferndale.

BOYLES, J.   In 1940 plaintiffs Hazel Park Nonpartisan Taxpayers Association and John G. Campbell filed a bill of complaint in the circuit court for Oakland county in chancery to enjoin the township of Royal Oak from collecting any taxes on property in said township lying outside of certain special assessment districts, for the purpose of paying instalments on certain refunding bonds issued by the township in 1938 to retire certain defaulted special assessment bonds issued in 1926, 1927 and 1928. The then Michigan public debt commission, now the municipal finance commission, which had authorized the issuance of the refunding bonds, the city of Highland Park and Edgar B. Whitcomb and Anna S. Whitcomb, as owners of some of the refunding bonds, and the village of Oak Park which had been organized from a portion of said township, were granted leave to intervene, and filed answers to the bill of complaint.

The township of Royal Oak as the original defendant subsequently filed an amended answer and cross bill, setting forth that after the issuance of some of the special assessment bonds or refunding bonds, the following seven municipalities: city of

Royal Oak, city of Ferndale, city of Huntington Woods, city of Pleasant Ridge, city of Clawson, city of Berkley, and city of Hazel Park had annexed portions of the township's territory or incorporated portions of it within their respective cities, and were consequently chargeable with their pro rata shares of any indebtedness on such bonds which might be decreed against the township. These seven municipalities were named as cross-defendants, and appeared and filed answers.

The parties in the trial court represented four general interests: The township of Royal Oak, individual taxpayers who might be assessed for taxes to pay the refunding bonds, bondholders who accepted refunding bonds in exchange for special assessment bonds, and municipalities which might be proportionately liable, to pay a pro rata share of the bonds because of acquisition of portions of the township territory through annexation or incorporation.

The special assessment bonds were originally issued to pay for sewer and water mains under Act No. 116, Pub. Acts 1923, as amended by Act No. 263, Pub. Acts 1925, and in the case of some of the bonds by Act No. 58, Pub. Acts 1927 (for present provisions, see Comp. Laws Supp. 1940, 1945, § 2385 et seq., Stat. Ann. and Stat. Ann. 1946 Cum. Supp. §§ 5.2411–5.2414).*

The refunding took place under authority of an order of the public debt commission, dated January 14, 1938, pursuant to Act No. 13, Pub. Acts 1932 (1st Ex. Sess.), as amended by Act No. 143, Pub. Acts 1933, and Act No. 42, Pub. Acts 1935, and Acts

---

*-Act No. 116, Pub. Acts 1923, has been further amended by Act No. 232, Pub. Acts 1929 (1 Comp. Laws 1929, §§ 2385–2388), Act No. 140 and Act No. 204, Pub. Acts 1931, Act No. 24, Pub. Acts 1934 (1st Ex. Sess.), Act No. 68, Pub. Acts 1935, Act No. 318, Pub. Acts 1937, Act No. 201, Pub. Acts 1941, and Act No. 239, Pub. Acts 1945.

Nos. 16, 56, 98, 271, Pub. Acts 1937 (Stat. Ann. and Stat. Ann. 1938 Cum. Supp. §§ 5.3201–5.3219). This legislation was repealed by Act No. 202, Pub. Acts 1943 †, which contains a saving clause (Comp. Laws Supp. 1943, §§ 2689–21—2689–103, Stat. Ann. 1943 Cum. Supp. §§ 5.3188 [1]–5.3188 [50]). Series A and B bonds refunded special assessment bonds issued on special assessment rolls 5 to 11, inclusive, prior to the effective date of Act No. 58, Pub. Acts 1927. Series C bonds refunded those' issues subsequent to that date.

Commencing with the creation of each special assessment district the township began to levy special assessment taxes against the taxable property in each district, and continued such levies through the full 5-year period covered by the special assessment bonds. Instalments of principal and interest were paid for a time from collections of special assessment taxes, and from time to time thereafter with money from the general fund of the township when there was insufficient money in the special assessment funds to meet payments. On or before April 1, 1930, default was made in some of the issues, and by April 1, 1933, all of the issues were in default on interest and principal outstanding. The totals of the special assessment rolls were extremely high as compared with the assessed valuation of all taxable property in the districts. The percentage of special assessments to assessed valuation ran from a low of 6 per cent. in one district to a high of 24 per cent. in another, with an average of 13 to 14 per cent. in all districts. Because of defaults in paying general taxes and special assessments, a large amount

† Act No. 202, Pub. Acts 1943 has been amended by Act No. 20, Pub. Acts 1944 (1st Ex. Sess.), and Act No. 300, Pub. Acts 1945 (Comp. Laws Supp. 1945, §§ 2689-21-2689-102, Stat. Ann. 1946 Cum. Supp. §§ 5.3188[1]–5.3188[49]).—Reporter.

of property in the special assessment districts has gone through "scavenger" sale.*

At the time of the refunding, the township had only some $12,000 in its general fund, which was barely sufficient to pay outstanding orders already issued on that account. As of October 1, 1936, there was a total of $316,553.43 principal due on the special assessment bonds in question, and delinquent interest of $100,135.43.

Except as may be hereinafter noted, additional factual background underlying the questions raised on the instant appeal may be found in *Whitman v. Township of Royal Oak*, 269 Mich. 146; *Township of Royal Oak v. City of Pleasant Ridge*, 295 Mich. 284; *Township of Royal Oak v. City of Pleasant Ridge*, 307 Mich. 714; *Township of Royal Oak v. City of Berkley*, 309 Mich. 572.

In the circuit court the judge stated the claims of the parties as follows: The contention of the township of Royal Oak, defendant and cross-plaintiff, is that in view of the decision of this Court in the *Whitman Case, supra,* its contingent liability on the special assessment bonds became fixed prior to the issuing of the refunding bonds, that the refunding bonds supplanted the special assessment bonds and are now the general obligation of the township in the same manner as the special assessment bonds, and that the intervening defendants and cross-defendants, which since the issuing of the special assessment bonds have annexed portions of the township territory, are each liable for a proportionate share of the refunding bonds.

It is the contention of the city of Royal Oak, cross-defendant, that (1) in no event did the city incur any

* See Act No. 155, Pub. Acts 1937, as amended (Comp. Laws Supp. 1940, 1945, § 3723-1 *et seq.*, Stat. Ann. 1946 Cum. Supp. § 7.951 *et seq.*).

liability as the result of the first annexation which took effect October 4, 1926, because the bonds had not been issued; (2) having fully settled all obligations incurred by the city as the result of the annexations of 1927 and 1929 the city is not liable by reason of those annexations; (3) Act No. 13, Pub. Acts 1932 (1st Ex. Sess.), as amended (see Comp. Laws Supp. 1940, 1942, § 2705-1 *et seq.,* Stat. Ann. and Stat. Ann. 1942 Cum. Supp. § 5.3201 *et seq.*), is unconstitutional in so far as it attempts to make refunded special assessment bonds general obligations, and therefore the city's liability, if any, applies only to the annexation of 1942 and only to that portion of the refunded bonds that may be paid from recoverable special assessments.

It is the contention of the city of Ferndale, cross-defendant, that (1) the city of Ferndale did not assume any liability by reason of the detachment of territory from the township of Royal Oak when it became incorporated as a city on January 31, 1927, because there was no general obligation liability against the township of Royal Oak on that date in respect to any matters involved in this litigation. The only outstanding bonds were those issued in respect to districts 5 to 11, inclusive, and those bonds were strictly special assessment bonds; (2) the legislature by the passage of Act No. 58, Pub. Acts 1927 (amending Act No. 116, Pub. Acts 1923), could not constitutionally impose any general obligation liability upon the township as to bonds issued prior to the effective date of that act; and that therefore bonds in respect to districts 5 to 11, dated October 1, 1926, should be eliminated from any and all consideration in determining the liability of incorporating or annexing cities, except possibly in those cases where the decision in *Whitman* v. *Township of Royal Oak, supra,* whether right or wrong, would be

*res judicata;* (3) the issuance of general obligation bonds to refund strictly special assessment bonds is not constitutionally permissible.

It is the contention of the city of Pleasant Ridge and the city of Huntington Woods, cross-defendants, that (1) inasmuch as no possibility exists for reimbursements of a general fund through subsequent collections of special assessments, the 1927 amendment imposing a liability on the township to pay out of its general fund is unconstitutional, both as to bonds theretofore and thereafter issued; (2) the township of Royal Oak must reassess the deficiency in collections of special assessments in order to provide funds to discharge the obligations of the refunding bonds.

The cross-defendants city of Hazel Park, city of Berkley and city of Clawson deny generally the claims of cross-plaintiff, the township of Royal Oak.

The contention of the bondholders Whitcomb, city of Highland Park, and municipal finance commission, intervening defendants, agrees with the contention of cross-plaintiff, and asserts that the refunding bonds are valid.

The trial court held: (1) That the special assessment bonds were made contingent liabilities of the township by Act No. 116, Pub. Acts 1923, as amended by Act No. 58, Pub. Acts 1927; (2) that this act and the act authorizing the refunding bonds were constitutional; (3) that a municipality which has annexed territory not included in any of the special assessment districts is liable for its pro rata share of such liabilities; (4) that the township was not obliged to submit the issuance of bonds to electors of the township; (5) that the contingent liability of the township attached upon the confirmation of the special assessment rolls; (6) that none of the township's settlement agreements with the munici-

palities constituted. accord and satisfaction; (7) that the township valuation to be used where there were successive annexations of territory during one year . is the value shown by the current assessment rolls, less any deductions therefrom because of prior annexation or incorporation during the year; (8) that the township had no power or authority to levy additional special assessments for the purpose of paying the special assessment bonds, and that the · township's failure to levy additional special assessment taxes did not affect the liability of the cross-defendant municipalities.

A decree was entered in effect as follows: (1) Specifically designating the special assessment bonds issued by the township and defining the liability of the township on the special assessment bonds thus issued, both as to original bonds and the refunding bonds; (2) declaring that the statutes under which these bonds were issued were not unconstitutional; (3) decreeing that the cross-defendant seven cities, Ferndale, Royal Oak, Hazel Park, Pleasant Ridge, Berkley, Huntington Woods, and Clawson, which had incorporated or annexed portions of the township were liable to the township notwithstanding that some portions of such territory so incorporated or annexed were not included in any of the special assessment districts; (4) that the township was not required to submit to the electorate the question of issuance of the special assessment bonds or the refunding bonds; (5) that the contingent liability of the township on the special assessment bonds was created on the dates of the confirmation of the respective rolls for the levying of special assessment taxes for the payment of such bonds and that each of the seven cross-defendant cities hereinbefore named, upon incorporation or annexation of a portion of the township territory at

any time thereafter, became liable for its proportionate share of such contingent liability which existed at the time of such incorporation or annexation; (6) that the various settlement agreements between the township and the several cross-defendant cities did not constitute accord and satisfaction as to their respective rights and liabilities; (7) that where there were successive annexations during any one year the value of the taxable property of the township as shown by the total assessed valuation of all property in the township by the current assessment rolls, less any deductions therefrom because of prior incorporation or annexation of township territory during the year, must be used in determining the proper division of assets and liabilities of the township upon any subsequent incorporation or annexation of township territory during such year; (8) that the township had no power or authority to levy and collect reassessments in the special assessment districts to make up the deficiencies, and that the failure of the township to levy additional special assessment taxes for the purpose of paying the special assessment bonds did not relieve the seven cross-defendant cities hereinbefore named from their proportionate liability for the payment of such bonds; (9) that said seven cross-defendant cities were respectively liable for payment to the township of those portions of principal and interest on the special assessment bonds, the refunding bonds and certificates of indebtedness theretofore paid by the township out of funds derived by it other than from collections of special assessment taxes, and for contribution toward payment of such principal and interest remaining unpaid, to be determined according to the percentage of the assessed valuation of the taxable property of the portion of township territory incorporated or

annexed by each such city at the time of each such incorporation or annexation, to the total assessed valuation in the township immediately before such incorporation or annexation; (10) that an accounting be had under the direction of the court between the township and the seven cross-defendant cities, to determine the total amount of money derived by the township from collections of special assessment taxes, total amount of interest and principal paid by the township on the bonds and certificates of indebtedness, and the amount which each of the said seven cities was liable to pay to the township; (11) defining the manner, method and time for such payments by the seven cross-defendant cities; (12) retaining jurisdiction for the accounting, for determining questions which might arise concerning the carrying into effect of the decree and compensation of counsel, and dissolving all injunctions previously issued.

From this decree the city of Ferndale appeals, the cities of Pleasant Ridge and Huntington Woods have joined together in a cross-appeal, and the city of Royal Oak takes a separate cross-appeal. The other parties, not having sought a review, must be considered as content with the decree.

A.   *Appeal of Ferndale.*

The city of Ferndale contends that it is not liable for any portion of the district 5 to 11 bonds, by reason of its incorporation on January 31, 1927, first because the pertinent section of the home-rule act (1 Comp. Laws 1929, § 2250) at that time provided in terms only for division of liabilities upon *annexation.* A clause referring to *incorporation* was added by Act No. 233, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 2250, Stat. Ann. § 5.2093). If this interpretation of the original act were correct it would be of doubtful constitutionality, for the bondholder

could not be required to take less security upon a division of territory. *Board of Education of City of Lincoln Park* v. *Board of Education of City of Detroit,* 245 Mich. 411. But appellant (Ferndale) did not raise this question at the trial, and it was not presented as a ground of appeal; therefore we will not pass upon it here. *Franklin Mining Co.* v. *Harris,* 24 Mich. 115; *Mahiat* v. *Codde,* 106 Mich. 387; *Stanton* v. *Stanton,* 197 Mich. 161, 165; *Donahue* v. *Gordon,* 292 Mich. 581. The bonds with respect to assessment rolls Nos. 5 to 11 were issued prior to the effective date of Act No. 58, Pub. Acts 1927. This act added to section 3 of the original township special assessment act the following:

"If any such special assessment fund is insufficient to pay such bonds and interest thereon when due, the township board shall advance the amount necessary to pay such bonds, and shall be reimbursed from such assessments when collected, or by reassessment of the deficiency if necessary."

While we conclude that this is retroactive as well as prospective in effect, we do not agree with appellant that if retroactive it is unconstitutional for that reason. This provision was held to be constitutional in *Whitman* v. *Township of Royal Oak, supra,* p. 151, notwithstanding it was there given a retroactive effect. It follows that the contingent liability of the township relates back to the date on which liability arose on the special assessment bonds. We do not read *Township of Royal Oak* v. *City of Pleasant Ridge,* 295 Mich. 284, to the contrary effect. The question here presented, as to the liability of the city (Pleasant Ridge, in that case) in case of inability of the township to obtain from special assessment funds sufficient to pay the bonds in full, whereby the township might eventually have to pay

a balance due on such bonds from its general fund, was not there before the Court. It was said (p. 293) :

"Should such a condition ultimately come about, there might then be room for the contention that the contingent statutory liability to advance money from the township's general funds had accrued and that payment, when made, was necessitated because it was then a general obligation of the township contracted before the severance of township territory by the defendant city. In that event the question would be presented as to whether the defendant city of Pleasant Ridge would not be liable for payment of its proportionate share of the general liability of the township which had accrued because of inability, if such should happen, to derive sufficient funds from the special assessments or reassessments to discharge in full the bond indebtedness. Suffice to say that on this appeal we do not have before us nor are we herein passing upon such a case; but a reservation might well be made in the decree to be entered in this case covering such a contingency."

Any doubt as to the holding of the Court in *Township of Royal Oak* v. *City of Pleasant Ridge,* 295 Mich. 284, was dispelled by this Court in *Township of Royal Oak* v. *City of Pleasant Ridge,* 307 Mich. 714, after a so-called consent decree which had been improperly entered in the circuit court in the original case was referred back to that court by this Court for further consideration. In the latter case we said (pp. 716, 719) :

"Unfortunately, instead of the decree being entered in this Court, it was entered in the court below and it was stated therein that the special assessment bonds were not the general obligation bonds of the township of Royal Oak. Evidently due to an oversight on the part of the attorneys, all reference to the consideration of a possible future liability,

should a certain condition arise, was omitted.
*   *   *

"The court was correct in granting the new decree *nunc pro tunc* following all the terms consented to in the decree theretofore entered in the circuit court but incorporating the wording of our opinion in leaving the liability of the city to future consideration should conditions arise so that the township of Royal Oak hereafter might claim that there was such liability."

This appellant (Ferndale) further contends that at the time of the city's incorporation, no liability existed against the township of Royal Oak, as Act No. 58, Pub. Acts 1927, which imposed the contingent liability of a guarantor upon the township, did not become effective until April 21, 1927. This is but another way of challenging the retroactive effect of that act, and it is equally without merit. Neither do we find any merit in appellant's contention that the above-quoted provision in Act No. 116, § 3, Pub. Acts 1923, as amended by Act No. 58, Pub. Acts 1927, must be held unconstitutional if applied to special assessment bonds issued prior to the effective date thereof, in that it would constitute the taking of property (of the appellant city) without due process of law. The city, by its incorporation, carved taxable real estate out of the township which, under the contingency hereinbefore referred to, would become liable to taxation to pay defaulted special assessment bonds, for which payment the township ultimately became liable, the contingency having arisen. If the ultimate liability of the city must be considered as taking property without due process of law, the owners of the remaining taxable property in the township, after a city had taken out, by incorporation (or annexation), portions of the taxable property in the township, might be in an equal posi-

tion to claim that, due to their increased burden of taxation, the city, by its very incorporation, was depriving them of property without due process of law.   These viewpoints would equally ignore the ultimate rights of the bondholders.   In furtherance of its claim that said Act No. 58, Pub. Acts 1927, is unconstitutional in that it takes property without due process of law, appellant contends that said act authorizes the levying of a tax for a private purpose, *i.e.*, to pay bondholders.   One weakness in this claim lies in the fact that the levy is, in effect, for the purpose of paying the original expense of the special improvements, through the medium of repaying those who loaned the funds for that purpose. The position taken by appellant was answered in the negative in *Whitman* v. *Township of Royal Oak, supra,* citing *Moore* v. *Harrison,* 224 Mich. 512, and *Regents of University of Michigan* v. *Pray,* 264 Mich. 693.   To the same effect, even though there was no possibility of reimbursement, were *Graves* v. *Bliss,* 235 Mich. 364, certiorari denied, 273 U. S. 724 (47 Sup. Ct. 113, 71 L. Ed. 859); *City of Highland Park* v. *Dearborn Township,* 285 Mich. 440; *City of Highland Park* v. *Oakland County Drain Commissioner,* 312 Mich. 407.

Appellant contends that the proposed tax would have no purpose other than the relief of bondholders, citing cases which have held such levies unconstitutional for that reason.   We do not agree that the motives and purposes of the legislature are so lightly to be impugned.   A statute may not be declared unconstitutional if there is any reasonable ground upon which its validity may be sustained. We agree with the courts which have held that the restoration of the credit of the municipality, the restoration of delinquent lands to the tax rolls, and the readjustment of the tax burden in a more equi-

table manner, are legitimate public purposes, which render the act constitutional even though applied retroactively. *City of Crescent City* v. *Moran,* 25 Cal. App. (2d) 133 (77 Pac. [2d] 281); *County of San Diego* v. *Hammond,* 6 Cal. (2d) 709 (59 Pac. [2d] 478, 105 A. L. R. 1155); *Durrett* v. *Davidson,* 122 Ky. 851 (93 S. W. 25, 8 L. R. A. [N. S.] 546); *Deseret Savings Bank* v. *Francis,* 62 Utah, 85 (217 Pac. 1114). See, also, *City of Dunsmuir* v. *Porter,* 7 Cal. (2d) 269 (60 Pac. [2d] 836). It is immaterial that private persons may receive incidental benefits from the legislation. But the discharge of a moral obligation is also a legitimate end of legislation in cases of this type (*Lyman* v. *Chase,* 178 Minn. 244 [226 N. W. 633]; *Kinney* v. *Astoria,* 108 Ore. 514 [217 Pac. 840]), and support for such legislation has been found in the continuing public benefit of the improvements themselves. *Comfort* v. *City of Tacoma,* 142 Wash. 249 (252 Pac. 929). See, also, dissenting opinion in *Oregon Short Line R. Co.* v. *Berg,* 52 Idaho, 499 (16 Pac. [2d] 373). We agree with the trial court that said act is not unconstitutional on the grounds urged, and this conclusion is in accord with the result reached in *Whitman* v. *Township of Royal Oak, supra.* This conclusion applies with equal force to appellant's claim that Act No. 13, § 4, subd. i, Pub. Acts 1932 (1st Ex. Sess.), as amended (for refunding municipal indebtedness) is unconstitutional for like claimed reasons. We hold that both of said acts are not unconstitutional on the grounds asserted by said appellant herein.

The remaining question raised by this appellant (Ferndale) challenges the conclusion reached by the circuit court in holding that the township's liability on the special assessment bonds arose on the dates of the confirmation of the special assessment rolls. We are unable to agree with the reasoning

of the trial court in that regard. Act No. 116, § 3, Pub. Acts 1923, places a lien upon the lots assessed in a special assessment district, from the date of confirmation of the assessment roll. The confirmation of a special assessment roll does not *create* a liability against the township but rather creates a liability against the property owner. The confirmation of a special assessment roll may be a basis for the subsequent issuance of such bonds, but not necessarily so. If the assessment should be made due in one instalment, no bonds would be issued. The holding of the trial court is contrary to the holding of this Court in *Township of Dearborn* v. *City of Dearborn*, 308 Mich. 284. Bonds are issued not on the date which they bear, but rather when they are delivered to the purchaser, inasmuch as no liability is created against the issuer until such delivery. Section 14 of the Michigan negotiable instruments law (2 Comp. Laws 1929, § 9261 [Stat. Ann. § 19.54]) reads as follows:

"The instrument is not invalid for the reason only that it is antedated or postdated, provided this is not done for an illegal or fraudulent purpose. The person to whom an instrument so dated is delivered acquires the title thereto as of the date of delivery."

The township's liability as guarantor cannot be said to arise before the bonds are issued and delivered. It is claimed that liability did not arise until the subsequent happening of the contingency, *i.e.,* defaults and lack of special assessment funds. However, the township's liability, although contingent, was there continuously from the time of the delivery of the bonds. It is implied in *Township of Dearborn* v. *City of Dearborn, supra,* that this liability arises when the bonds are issued. Such a theory

conforms with section 14 of the negotiable instruments law, *supra.* We find in the record before us that the dates of delivery of the special assessment bonds were as follows:

| Rolls | 5–11 | October 11, 1926 |
|-------|------|------------------|
|       | 12–18 | August 19, 1927 |
|       | 22–25 | April 7, 1928 |
|       | 26–34 | August 15, 1928 |
|       | 35 | September 26, 1928 |

It was held in *Township of Dearborn* v. *City of Dearborn, supra,* p. 291, that the date of filing the result of the election with the secretary of State and the county clerk determines the date of incorporation, or annexation of territory detached from the township, and that the city becomes liable for contribution for indebtedness existing at the date of annexation.* The liability of the city of Ferndale on rolls 12 through 18 does not, therefore, arise *by reason of its original incorporation* on January 31, 1927, but Ferndale does become proportionately liable thereon by virtue of the annexations of August 24, 1927, and later dates. Liability on rolls 5–11 attached to the city of Ferndale upon its incorporation as well as all later annexations. Its liability on rolls 22–25 attaches by reason of the annexations of June 14, 1928, and after; on rolls 26–35 by reason of the annexation of September 17, 1940.

The foregoing appears to be in accordance with a part of paragraph 5 of the decree, as it is construed by this Court, It might be proper to enter a clarification of said paragraph 5 when a decree is entered in this Court. The appellant city of Ferndale became liable for its proportionate share of such contingent liability in accordance herewith. Inasmuch as appellants city of Royal Oak, city of

* See 1 Comp. Laws 1929, § 2249 (Stat. Ann. § 5.2092).—RE-PORTER.

Pleasant Ridge and city of Huntington Woods have raised this same question on the appeal, the foregoing decides the issues as thus raised by them. In that connection, it is proper to add that we find from the record, that the cities of Pleasant Ridge, Huntinton Woods and Royal Oak became liable as follows: City of Pleasant Ridge became proportionately liable on rolls 5–18 only, by its incorporation of December 31, 1927; city of Huntington Woods became proportionately liable on all bonds, by its incorporation of June 24, 1932; city of Royal Oak became liable on no bonds, by its annexation of October 4, 1926. It became proportionately liable on rolls 5–11, by annexation of April 22, 1927. It became proportionately liable on all bonds, by annexations of April 19, 1929, and later dates.

B. *Appeal of Pleasant Ridge,*
*Appeal of Huntington Woods.*

Except for two final questions, these appellants raise the same issues as those raised by the city of Ferndale, which have been answered. In addition, these appellants, briefly joined in by the city of Royal Oak, challenge paragraph 8 of the decree wherein the trial court declared that the township had no power or authority to levy additional special assessments (reassessments?) for the purpose of paying the special assessment bonds, and that the failure to levy such "additional special taxes" did not relieve the seven cross-defendant cities from their proportionate liability. Appellants Pleasant Ridge and Huntington Woods claim (1) that when a deficiency exists reassessment must be made; and (2) that the failure of the township to reassess such deficiencies estops it from requiring "seceding municipalities to pay a share of the loss incurred thereby."

This case was originally started by the plaintiffs to enjoin the township from levying taxes on prop-

erty in the township outside the special assessment districts, to make up deficiencies in paying the refunding bonds hereinbefore referred to. The attorney for the plaintiffs who filed the original bill of complaint did not appear in court at the hearings and plaintiffs have not appealed. The original purpose of the suit seems to have been overshadowed by the cross bills and claims of the contending parties here, to obtain an adjudication of their respective rights and liabilities. The question as to whether the township, and also the cities of Ferndale and Royal Oak, should be required "by mandatory writ of injunction" to reassess the amounts of the deficiencies in the special assessment districts, was injected into the case by a late amendment (filed after the hearing was begun) by the interpleaded defendants (cross-plaintiffs) Pleasant Ridge and Huntington Woods. A new paragraph was added to their prayer for relief by these cross-plaintiffs, asking for such a "mandatory" injunction. We do not find in the record any indication that this amendment to their cross bill was answered by any of the other parties to the case. While we have repeatedly said that the court in taking jurisdiction in equity, will retain jurisdiction in order to do complete justice and settle all disputed questions in one proceeding, if possible, we do not consider that such a "mandatory injunction" should issue in this case, under the circumstances. Decision as to whether the township should be compelled to levy reassessments against the special assessment districts is not essential to decision on the other questions raised on this appeal.

The trial court, in paragraph 8 of the decree, referring to the effect of the township's failure to levy additional special assessment taxes, decreed as follows:

"Defendant, township of Royal Oak, under the laws of this State had no power or authority to levy additional special assessments for the purpose of paying the special assessment bonds."

Act No. 116, Pub. Acts 1923 (1 Comp. Laws 1929, § 2385 *et seq.,* as amended [Comp. Laws Supp. 1940, 1945, § 2385 *et seq.,* Stat. Ann. and Stat. Ann. 1946 Cum. Supp. § 5.2411 *et seq.*]), provides for improvements by township boards. Counsel for Pleasant Ridge and Huntington Woods directs our attention to section 3 of said act, as amended (1 Comp. Laws 1929, § 2387, as amended by Act No. 24, Pub. Acts 1934 [1st Ex. Sess.] [Comp. Laws Supp. 1940, § 2387, Stat. Ann. § 5.2413]), which provides in part that:

"All proceedings relating to the making, levying and collection of special assessments herein authorized and issuing bonds in anticipation of the collection thereof, shall conform, as near as may be, to the proceedings for levying special assessments and issuing special assessment bonds by villages, for like improvements, as set forth in act number 3 of the public acts of Michigan for 1895, as amended, being chapter 72 of the compiled laws of Michigan for 1915, as amended. If any such special assessment fund is insufficient to pay such bonds and interest thereon when due and said bonds shall have been issued subsequent to the 21st day of April, 1927, the township board may advance the amount necessary to pay such bonds, and shall be reimbursed from such assessments when collected, *or by reassessment* of the deficiency if necessary."

Act No. 3, Pub. Acts 1895 (Comp. Laws 1915, chap. 72), as amended, referred to in the above section 3, is the general act for incorporation of villages. It may be found in 1 Comp. Laws 1929, §1465 *et seq.* (Stat. Ann. § 5.1201 *et seq.*). Section

12 of chapter 8 of that act (1 Comp. Laws 1929,
§ 1624 [Stat. Ann. § 5.1360]) provides:

"Should any special assessment prove insufficient
to pay for the improvement or work for which it was
levied, and the expenses incident thereto, the coun-
cil may, within the limitations prescribed for such
assessments, make an additional pro rata assess-
ment to supply the deficiency."

This has been held to be mandatory. *Wood* v.
*Village of Rockwood,* 311 Mich. 381, 389.

Said counsel for Pleasant Ridge and Huntington
Woods claims that the foregoing refers to reassess-
ment in special assessment districts, in connection
with the questions raised on this appeal by said
counsel for appellants Pleasant Ridge and Hunting-
ton Woods, as decided by the circuit court in para-
graph 8 of the decree. We conclude that the present
case is not the proper occasion to decide the question
as to whether the township has the power to reassess
and levy taxes against the property in the special
assessment districts. That part of section 8 of the
decree which purports to decree that the township
does not have such power and authority will be de-
leted in the decree to be entered here. Many obvious
problems to be settled in connection with any such
reassessment have not been brought to our attention
in the record and briefs in the instant case, and this
is not a proper occasion for entering the "manda-
tory injunction" asked for by these two appellants,
directing such reassessments. This we decline to
do, inasmuch as the facts and circumstances which
might affect such decision are not here fully before
us.

As to the other claim made by these appellants,
that the township is estopped from claiming liability
against the seven cross-defendant cities because it
has failed to reassess taxes, we have no hesitation
in saying that a failure to reassess does not terminate

the liability of the cross-defendant cities to share proportionately in making up the deficiencies. The rights of bondholders cannot thus be ignored, nor is such reassessment to be considered as a condition precedent to attaching liability to cities which by incorporation or by annexation of territory have taken taxable property out of the township. Such provision in paragraph 8 of the decree is affirmed.

A decree may be entered in this Court affirming the decree from which these appeals have been taken, except in the particulars hereinbefore noted, and in consonance herewith certain provisions in said decree are hereby reversed. In such particulars the decree to be entered here will be in conformity with this opinion, and it will provide for remanding to the circuit court for further proceedings in accordance with paragraph 12 of the decree.

We are not unmindful of the fact that the questions discussed herein are foreign to the issues originally raised by plaintiffs herein, in filing their bill of complaint. However, no one here questions the jurisdiction of the circuit court, or of this Court on the appeal, to consider and pass upon the questions raised by the interveners, or by the cross-appellants. For that reason, we are not here in conflict with our decision in *Youngs* v. *West, ante,* 538, wherein the question of jurisdiction was raised. The importance of the problems discussed herein, as they may affect the hearing in the circuit court on the remand for an accounting, are sufficient justification for entertaining jurisdiction of the same on this appeal.

Parties to the appeal having each prevailed only in part, and public questions being involved, no costs awarded.

CARR, C. J., and BUTZEL, BUSHNELL, SHARPE, REID, NORTH, and DETHMERS, JJ., concurred.