TOWNSHIP OF DEARBORN v. CITY OF DEARBORN.

1. MUNICIPAL CORPORATIONS—ANNEXATION OF TOWNSHIP TERRITORY BY HOME RULE CITY—CONTRIBUTIONS.

Liability for contribution towards the payment of the indebtedness of a township by a home rule city which has taken over a part of the township's territory is governed by provisions of the home rule act (1 Comp. Laws 1929, § 2250).

2. SAME—HOME RULE CITY—ANNEXATION OF TOWNSHIP TERRITORY— EXTENT OF LIABILITY FOR CONTRIBUTIONS.

A home rule city to which township territory is annexed becomes liable for contribution to only such township indebtedness as exists at the time of annexation (1 Comp. Laws 1929, § 2250).

3. SAME—SPECIAL ASSESSMENT BONDS—WATER DISTRICT—ANNEXATION—CONTRIBUTIONS.

The full satisfaction of special assessment bonds for water districts wholly located in township territory not thereafter included within portion of township incorporated as a city upon original incorporation or when territory was subsequently annexed thereto remained a liability of the remaining portion of

the township and the city where issued prior to original incorporation or annexation but bonds issued for districts so located subsequent to such later date would not be an obligation of the city (1 Comp. Laws 1929, §§ 2249, 2250).

4. SAME—ANNEXATION—FILING RESULT OF ELECTION.

The date of filing the result of the election on the petition for incorporation of a home rule city or for the annexation of territory thereto with the secretary of State and the county clerk is the determinative date of incorporation or annexation (1 Comp. Laws 1929, § 2249).

5. SAME—CONTRIBUTIONS—ASSESSED VALUATION OF ANNEXED TERRITORY.

Where a home rule city had been incorporated before special assessment bonds for a water district located wholly in territory not then or thereafter included within the city by annexation and annexation of additional territory took place after such bonds had been issued, the city was liable for proportionate share of bonds not paid on the basis of the assessed valuation of the additional township territory annexed by the city (1 Comp. Laws 1929, § 2250).

6. SAME—TOWNSHIPS—HOME RULE CITY—ANNEXATION BEFORE ISSUANCE OF BONDS—CONTRIBUTIONS.

Home rule city was not liable for contribution for unpaid special assessment bonds for water districts located entirely in township territory where bonds were issued after certificate of election as to annexation of township territory to city had been filed with secretary of State and county clerk (1 Comp. Laws 1929, §§ 2249, 2250).

7. SAME—ANNEXATION—FILING OF CHARTERS.

The fact that a city charter upon reincorporation was not filed with secretary of State and county clerk until after issuance of special assessment bonds for water districts located wholly within township territory from which some other territory was annexed to city upon the reincorporation would not affect liability of city for contribution for unpaid bonds which were issued after date when certificate of election as to reincorporation had been filed with secretary of State and county clerk (1 Comp. Laws 1929, §§ 2249, 2250).

8. SAME—TOWNSHIPS—STATUTES—SPECIAL ASSESSMENT BONDS—REFUNDING CONTRIBUTIONS BY HOME RULE CITY AFTER ANNEXATION.

After enactment of statute imposing contingent liability upon townships for payment of special assessment bonds in case

special assessment fund is insufficient, the liability of the township for deficiency continues until the bond obligation is satisfied, including refunding bonds issued in lieu thereof, and must be shared proportionately by city which has annexed part of the township territory after issuance of original bonds (1 Comp. Laws 1929, §§ 2249, 2250).

9. SAME—TOWNSHIPS—HOME RULE CITY—ACCRUAL OF RIGHT TO CONTRIBUTIONS.

The right of a township to enforce contribution by a home rule city which had annexed territory subsequent to issuance of special assessment bonds 'for water districts located wholly within township territory accrued as soon as it became reasonably certain that receipts from the special assessments would be inadequate to satisfy in full the bond obligation (1 Comp. Laws 1929, §§ 2249, 2250).

10. SAME—TOWNSHIPS—SPECIAL ASSESSMENT BONDS—REFUNDING— HOME RULE CITY—DEFICIENCY—CONTRIBUTIONS.

Where township had issued refunding bonds in lieu of special assessment bonds for water districts located wholly within township territory and funds sufficient to meet the default on the special assessment bonds cannot be obtained either from unpaid special assessments already levied or from reassessments the township is in the position of one who had actually paid the defaulted assessments from its general funds, hence home rule city which had annexed territory after special assessment bonds had been issued was liable for proportionate amount of deficiency, future collections from special assessments or reassessments to be made to be shared by the city and township in like proportion as their liability for the deficiency (1 Comp. Laws 1929, §§ 2249, 2250).

11. SAME—CONTRIBUTIONS—LACHES—ACCOUNTING—CONTINGENT LIABILITY.

In suit by township against home rule city for contribution toward payment of deficiencies on issues of special assessment bonds for water districts wholly located within township territory but issued before annexation of some of township's territory to the city, defense of laches urged by defendant was without merit in absence of showing of course of conduct on part of plaintiff which prejudiced defendant's rights or that was inconsistent with plaintiff's presently asserted right of recovery and accountings had incident to severances of township territory did not involve any specific or definite

action whatever by reason of liability arising from issuance of such bonds, such liability then being contingent (1 Comp. Laws 1929, §§ 2249, 2250).

12. SAME—TOWNSHIPS—VILLAGES—SPECIAL ASSESSMENT BONDS.

The organization of a village within township territory does not result in the detachment of the township territory within the village boundaries in such a way as to relieve the village territory from its proportion of contingent liability on special assessment bonds issued for water districts wholly within township territory.

13. SAME — TOWNSHIP — WATER, DISTRICT — SPECIAL ASSESSMENT BONDS—CONTRIBUTIONS FROM HOME RULE CITY—SELF-LIQUIDATING BONDS—PROFITS.

Liability of home rule city organized from territory of township which had issued special assessment bonds for water districts located wholly without city boundaries and before incorporation of city was not affected by reason of the fact that since the installation of the water system the township has encumbered the same by issuing a series of self-liquidating bonds payable from the proceeds of operations of the water department nor by the further fact that the water department is being operated at a profit, since the bonds were issued in anticipation of the collection of special assessments and were not a lien upon the water system or upon the profits derived therefrom.

14. APPEAL AND ERROR—QUESTIONS REVIEWABLE—HOME RULE CITY—ANNEXATION—CONTRIBUTION BY TOWNSHIP.

Liability of township for contribution incident to payment of bonds on water district wholly within territory annexed to home rule city but for which bonds were issued prior to such annexation is not determined where liability of township is conceded if city has been compelled to pay deficiency out of general funds (1 Comp. Laws 1929, §§ 2249, 2250).

15. COSTS—RECOVERY OF CONTRIBUTIONS IN PART.

Costs of both courts are allowed plaintiff township in its suit against defendant home rule city for contributions on issues of special assessment bonds for water districts located in township territory, where recovery was not allowed on any of the four bond issues involved in court below but has been allowed on two issues in this court (1 Comp. Laws 1929, §§ 2249, 2250).

Appeal from Wayne; Callender (Sherman D.), J. Submitted January 4, 1944. (Docket No..5, Calendar No. 42,464.) Decided April 3, 1944. Rehearing denied May 17, 1944.

Bill by Township of Dearborn against City of Dearborn to compel contribution of a portion of general obligation bonds. Decree for defendant. Plaintiff appeals. Remanded for further proceedings.

*Jesse W. Bollinger,* for plaintiff.

*Dale H. Fillmore,* Corporation Counsel, and *Richard A. Hicks,* Assistant Corporation Counsel, for defendant.

*Miller, Canfield, Paddock & Stone* and *Glenn C. Gillespie, amici curiae.*

NORTH, C. J.   The bill of complaint herein was filed by the township of Dearborn, Wayne county, to obtain an accounting and contribution from the city of Dearborn of a proportion of the general liability incurred by the township incident to the payment of certain refunded special assessment bonds of the township for each of four water districts. The defendant denies all liability. After hearing in the circuit court in chancery a decree was entered dismissing the bill of complaint. Plaintiff has appealed.

The background of defendant's alleged liability is that a substantial portion of Dearborn township territory was taken out of the township and annexed to the city of Dearborn. With the exception of a very trifling area in district No. 3 (which circumstance has no bearing upon decision herein), none of the township lands included in any of the special

assessment districts has become a part of the city. The original village of Dearborn, located entirely in the township of Dearborn, was incorporated prior to May 26, 1925. On that date the village area was enlarged. The city of Dearborn was first incorpo‐ rated in 1927; and included all of the territory con‐ stituting the village of Dearborn. The city of Dear‐ born was reincorporated and enlarged in 1928. At that time additional township territory was annexed to the city. In 1938 the township issued general ob‐ ligation bonds in refunding the outstanding special assessment bonds. However this refunding opera‐ tion does not materially influence decision herein be‐ cause this suit is for a statutory accounting on the basis of the original bonds issued in anticipation of collection of the special assessments.

Liability for contribution towards the payment of the indebtedness of a township by a city which has taken over a part of the township's territory is gov‐ erned by statute:

"SEC. 14. * * * The indebtedness and liabilities of every city, village and township, a part of which shall be annexed to a city shall be assumed by the city to which the same is annexed in the same pro‐ portion which the assessed valuation of the taxable property in the territory annexed bears to the as‐ sessed valuation of the taxable property in the en‐ tire city, village or township from which such terri‐ tory is taken." 1 Comp. Laws 1929, § 2250 (Stat. Ann. § 5.2093).

The city of Dearborn is a home rule city; and the question of its liability in the instant case is to be determined under the provisions of the home rule act from which we have just above quoted, rather than by the provisions of 1 Comp. Laws 1929, § 2344 (Stat. Ann. § 5.2231), which is not a part of the home rule act but instead a 1909 amendment to Act

No. 38, Pub. Acts 1883. The circuit judge held otherwise; but in so doing an error was committed.

It is too plain for argument that the city to which township territory is annexed becomes liable for contribution to only such township indebtedness as exists at the time of annexation. The city could not be held liable to the township for indebtedness it subsequently contracted. Hence it becomes important in the instant case to determine whether the township had become actually or contingently liable on the special assessment bonds prior to the annexation of the township territory by the city of Dearborn.

District No. 1. The special assessment bonds were issued in this water district on August 1, 1927. This was prior to the date of the annexation of any of the township territory by the city of Dearborn. It was prior to the incorporation of the city of Dearborn. Therefore, subject to the consideration hereinafter given to other defenses, it is obvious that since the territory was taken from the township and incorporated within the city subsequent to the issuance of the bonds in district No. 1, the city, together with the remaining portion of the township, is liable for the full satisfaction of this bonded obligation.

District No. 2. This water district was created in April, 1928; and the bonds were issued in July, 1928. Here again liability of the city to contribute towards the satisfaction of the deficit of the special assessment bonds for district No. 2 will depend upon whether the township territory was annexed to the city prior to the issuance of the bonds (subject of course to other possible defenses above noted). Hence it becomes important to determine the time when in the course of annexation proceedings the territory involved becomes a part of the annexing municipality and ceases to be a part of the munic-

ipality from which it is taken. This we think is specifically controlled by the following statute.

"SEC. 13. On the filing in the office of the secretary of State and the clerk of the county or counties within which the city is located, of a copy of the petition (for annexation), and of every resolution, affidavit or certificate necessarily following such petition, with the certificate of the board of county canvassers attached, showing that the purposes of such petition have been approved by a majority of the electors voting thereon, as provided in this act, which shall also give the number of votes cast on such proposition and the number cast for and against the same, the city shall be from that date duly and legally incorporated under and by the name designated in said petition, or the territory described in said petition shall be duly and legally consolidated as one city, or attached to or detached from the city named in such petition as the case may be." 1 Comp. Laws 1929, § 2249 (Stat. Ann. § 5.2092).

From the foregoing portion of section 2249 it appears that the determinative date of annexation is the date of filing the result of the election on the petition for annexation with the secretary of State and the county clerk. Such result as to the second incorporation of the city of Dearborn was filed with the secretary of State and with the clerk of Wayne county in September, 1928. It therefore appears that the township territory was not annexed to the new city of Dearborn until after July 1, 1928, the date on which the special assessment bonds in this district were issued. Subject to other possible defenses hereinafter considered, it follows that the city is liable for its proportionate share of the unpaid bonds of district No. 2.

The question as to what is the city's proportionate share, or the basis of its contribution thereof, is

somewhat complicated as to the bonds of district No. 2 by the following facts. The city of Dearborn was first incorporated in 1927. Incident to this first incorporation the city took over a part of the township territory. The results of this annexation election were filed September 20, 1927. Thus it appears that the city had annexed a certain portion of township territory prior to the date (July, 1928) when the bonds for district No. 2 were issued. In fixing the proportionate share of the city's contribution to the payment of these bonds, the assessed valuation of the township territory annexed to the city incident to the 1927 incorporation cannot be included. But the city of Dearborn was later enlarged by a reincorporation, and in so doing the city annexed an additional portion of the township territory. As noted above, the result of this additional annexation election was filed in September, 1928. This was subsequent to the issuance of the bonds in district No. 2 (July, 1928). It follows that the determination of the city's contribution to the payment of the bonds of this district must be based solely upon the assessed valuation of the additional township territory annexed by the city of Dearborn incident to its reincorporation and enlargement in 1928.

Districts Nos. 3 and 4. These water districts were created in October, 1928, and the bonds for these districts were issued in December, 1928. But, as noted above, prior to the foregoing dates, and in September, 1928, the result of the second annexation election had been filed with the secretary of State and with the clerk of Wayne county. In other words, the township territory taken into the city of Dearborn was annexed thereto, and ceased to be a part of the township, prior to the issuance of the special assessment bonds in water districts Nos. 3 and 4. It follows that the city is not liable for con-

tribution on the bonds of district No. 3 or district No. 4. Incident to so holding it should be noted that we are not in accord with plaintiff's contention that the annexation of township territory to the city was not fully consummated until the city adopted a city charter and caused the same to become a matter of record. This was not done in the instant case until January 14, 1929, and this was after the issuance of the bonds in districts 3 and 4. We hold that this circumstance does not alter the effective annexation date provided in the statute above quoted. 1 Comp. Laws 1929, § 2249 (Stat. Ann. § 5.2092).

Because of its bearing upon the city's liability on the bonds of districts No. 1 and No. 2, it should be observed that Act No. 58, Pub. Acts 1927, amending Act No. 116, Pub. Acts 1923, became effective April 21, 1927. As noted above, the bonds for these two districts were issued subsequent to this date. Section 3 of the act in part provides:

"If any such special assessment fund is insufficient to pay such bonds and interest thereon when due, the township board shall advance the amount necessary to pay such bonds, and shall be reimbursed from such assessments when collected, or by reassessment of the deficiency if necessary." (1 Comp. Laws 1929, § 2387.)

A contingent liability to advance funds sufficient to satisfy any past due special assessment bond obligations was imposed upon and assumed by the township on the date the bonds were issued. Such liability continues, under the circumstances of this case, until the bond obligation is satisfied, including liability on refunding bonds issued in lieu of the special assessment bonds. And this liability must be shared proportionately by the city, which has annexed part of the township territory after the spe-

cial assessment bonds were issued, and the remaining portion of the township. The right of the township to enforce contribution by the city, which subsequent to issuing the bonds annexed part of the township, accrued as soon as it became reasonably certain that receipts from the special assessments would be inadequate to satisfy in full the bond obligation. That condition arose in the instant case prior to the commencement of this suit. In effect it is so stipulated by the parties litigant.

It is in the above particular that the instant case can be and should be distinguished from *Township of Royal Oak* v. *City of Pleasant Ridge*, 295 Mich. 284. In that case we held that the record did not disclose a condition of the plaintiff township's liability which then sustained its claim that it was presently entitled to a contribution and an accounting from the defendant city incident to this type of contingent liability. We there said:

"The circuit judge found: 'It is undisputed that the plaintiff township has advanced no money out of its general funds for the redemption of any of said bonds.' Nor does it appear from this record that because of inability to obtain from the special assessments or reassessments funds sufficient to pay the bonds in full, the township may eventually have to pay a balance due on these bonds from its general funds. Should such a condition ultimately come about, there might then be room for the contention that the contingent statutory liability to advance money from the township's general funds had accrued and that payment, when made, was necessitated because it was then a general obligation of the township contracted before the severance of township territory by the defendant city. * * * Suffice to say that on this appeal we do not have before us nor are we herein passing upon such a case; but a reservation might well be made in the decree to be entered in this case covering such a contingency."

While it does not appear in the instant case that the township has actually paid from its general funds the amount in default on the special assessment bonds of districts 1 and 2, nonetheless it does convincingly appear that the township is presently obligated to make such payment. In 1938 it issued general obligation township bonds in refunding outstanding special assessment bonds. And further it appears quite beyond doubt that funds sufficient to meet the default on the special assessment bonds cannot be obtained either from unpaid special assessments already levied or from reassessments. In fact it is so stipulated by counsel. For the purpose of plaintiff's right to bring the instant suit, the above circumstances are, we think, tantamount to plaintiff township having actually paid the defaulted assessments from its general funds. But for the purpose of covering the contingency of future payment of special assessments or reassessments in either district 1 or 2, and in event defendant city has contributed its proportionate share to the payment of these bonded obligations, the decree to be entered in the instant case may provide that any money subsequently collected on the special assessments or on reassessments in either of these two districts by the township shall be shared proportionately by the township and the city.

Defendant has pleaded laches in bar of plaintiff's right to recover. This defense is not sustainable. The record discloses no action or course of conduct on the part of plaintiff which has prejudiced defendant's rights or that was inconsistent with plaintiff's presently asserted right of recovery. The lapse of time prior to December 1, 1941, when this suit was instituted, is not shown to have worked a prejudice to defendant. Plaintiff's right to recover could not accrue except incident to an accounting between the parties as provided by statute. We are mindful that

an accounting was had between these litigants both following the city's first incorporation in 1927 and its second incorporation in 1929. But at that time the liability to which plaintiff now seeks contribution by defendant was not a fixed liability, but at most only a contingent liability. And counsel have stipulated that incident to such accountings "no specific or definite action whatever * * * (was) taken however with the reference to possible liability of either of the parties to this suit by reason of the issuance of the bonds in question." This phase of the defense asserted is controlled by our holding in *Walker* v. *Schultz,* 175 Mich. 280. See, also, *Township of Grant* v. *Township of Reno,* 107 Mich. 409. And it may further be noted that until our decision in *City of Highland Park* v. *Dearborn Township,* 285 Mich. 440, June 30, 1938, a township's liability to pay out of its general funds the amounts in default on special assessment bonds was a debatable question in this jurisdiction. Other phases of the record bearing upon the question of laches might be noted, but we deem it unnecessary. There is no merit to defendant's claim of laches.

As bearing upon such other of defendant's contentions as merit discussion we note the following.

1. The organization of the village of Dearborn prior to the date of issuing any of the bonds in suit did not result in detaching any of the township's territory, nor relieve the area within the village boundaries from its proportion of contingent liability on the special assessment bonds. In the sense which is controlling in the instant case, none of the township's territory was annexed by any municipality concerned in this litigation until the first incorporation of the city of Dearborn. Prior to that event the village area continued to be a part of the township and subject to assessment to meet township obligations. *Bray* v. *Stewart,* 239 Mich. 340, 344; *Village*

*of DeWitt* v. *Township of DeWitt*, 248 Mich. 483.

2.  Defendant's liability in the instant case is not satisfied or minimized by reason of the fact that since the installation of its water system the township of Dearborn has encumbered the same by issuing a series of self-liquidating bonds payable from the proceeds of operating the water department, nor by the further fact that the water department of the township is being operated at a profit.. This is true because the bonds out of which defendant's liability for contribution arises were only bonds issued in anticipation of the collection of special assessments in the respective water districts, herein designated as special assessment bonds.  These bonds in no way created a lien upon the township water system or upon the proceeds or profits which may be derived from the operation of the township's water system.

3.  Other contentions set forth in the briefs of the respective parties are either without merit or are such as would not affect decision herein; and for that reason need not be determined.

As appears from the foregoing, we reverse the decree of the trial court and hold that defendant is liable for its proportionate share of the payment of special assessment bonds issued in water districts Nos. 1 and 2; but defendant is not liable for contribution on bonds issued in water districts Nos. 3 and 4.  For the purpose of determining the amount of such contribution the case must be remanded to the circuit court in accord with the stipulation of counsel which reads as follows:

"It is further stipulated and agreed that precise figures as to the amount of outstanding indebtedness on said special assessment districts, assessed valuations of pertinent territory, respective percentages of liabilities, and like matters will be determined by audit, had, if necessary, by agreement between the parties hereto or by order of the Court."

The matter of the township's liability for contribution incident to payment of bonds in another water district designated as No. 5 is not controverted or determined herein. That district is wholly within Dearborn city. It is conceded in the township's brief: "The city may be entitled to contribution from the township as to that district, to which we consent if the city had (has) been compelled to pay out of general funds."

The case is remanded to the circuit court in chancery for further proceedings therein in accordance herewith. Since plaintiff will recover contributions as to districts Nos. 1 and 2, it will have costs of both courts. A decree in accordance with the foregoing will be entered in this Court.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.