## CITY OF HOLLAND v. TOWNSHIP OF FILLMORE.

1. WORDS AND PHRASES—PERSONAL PROPERTY.

Broadly speaking, the term "personal property" embraces everything that is the subject of ownership, not coming under denomination of real estate.

2. SAME—CHOSE IN ACTION.

A chose in action is a right to personal things of which the owner has not the possession, but merely a right of action for their possession.

3. MUNICIPAL CORPORATIONS—ANNEXATION TO HOME-RULE CITY—DIVISION OF TOWNSHIP'S INTEREST IN TAXES.

Township's interest in taxes before they became a lien against the property upon which assessed but which were not owing nor collectible in a suit at law, were still uncertain in amount and were not immediately subject to being reduced to possession at time of annexation of part of township territory to home-rule city of another county, while not a chose in action, was an intangible property interest, of value and transferable, being a future interest in personal property (CLS 1956, §§ 211.13, 211.40).

4. WORDS AND PHRASES—FUTURE INTEREST.

A future interest may be described as an interest in land or other things in which the privilege of possession or of enjoyment is future and not present.

5. PROPERTY—FUTURE INTEREST.

The essence of a future interest is that it is an interest which potentially gives the holder the privilege of possession or enjoyment at some time in the future and which is regarded as a part of the total present ownership.

6. MUNICIPAL CORPORATIONS—ANNEXATION TO HOME-RULE CITY—ALLOCATION OF TOWNSHIP'S INTEREST IN TAXES.

The assessment ratio as applied to allocation of township's interest in taxes as of date a portion of its territory was annexed to home-rule city in another county, which taxes had not then been finally determined nor made a lien upon the property

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur, Property § 23.
[3] 37 Am Jur, Municipal Corporations § 40; 38 Am Jur, Municipal Corporations § 391.

assessed is to be made upon such of the taxes as have been collected in apportioning the property of the township between the township and city, such interest being "personal property" subject to statutory basis of apportionment (CLS 1956, §§ 117.14, 211.13, 211.40).

Appeal from Allegan; Smith (Raymond L.), J. Submitted January 11, 1961. (Docket No. 70, Calendar No. 48,776.) Decided April 26, 1961.

Bill by the City of Holland, a municipal corporation, against the Township of Fillmore, a governmental body, and James Boyce, Allegan County Treasurer, for accounting, with which was merged a mandamus action by the Township of Fillmore, and which, following partial settlement, was heard to determine right to taxes collected after annexation of territory to city. Decree for plaintiff. Defendant township appeals. Affirmed.

*James E. Townsend,* for plaintiff.

*John H. Bauckham* and *Jacob A. Dalm, Jr.,* for defendant township.

EDWARDS, J. This is another case in which we are called on to interpret a provision of the annexation statutes. The problem is accurately set forth in the sole stated question as agreed upon by the parties:

"Were the 1958 taxes on property in Fillmore township personal property of the township within the meaning of CLS 1956, § 117.14 (Stat Ann 1959 Cum Supp § 5.2093), on August 3, 1958, the date when a portion of Fillmore township was annexed to the city of Holland, thus requiring the money received from the collection of those taxes to be divided between the township of Fillmore and the city of Holland?"

The trial judge answered this question in the affirmative and awarded appellee city of Holland 46.149% of the 1958 township taxes, in the sum of $7,109.77. The township appeals.

The relevant facts (also agreed on) are:

On August 3, 1958, a portion of Fillmore township, in the county of Allegan, known as the Maplewood area, was annexed to the city of Holland. The election on the annexation issue was approved by the electorate on June 3, 1958. The assessed valuation of the area which was absorbed by the city pursuant to this annexation was 46.149% of the total assessed valuation of Fillmore township. 46.149% of the 1958 township taxes collected amounts to $7,109.77, which amount is claimed by both Fillmore township and the city of Holland.

No dispute exists between Fillmore township and the city of Holland other than this divergent claim arising out of the 1958 township taxes, the township of Fillmore having turned over to the city of Holland all assets and liabilities in the proportion of the valuation of the area annexed to the valuation of the whole township.

It is the contention of the city of Holland that under PA 1909, No 279, § 14, as amended (CLS 1956, § 117.14 [Stat Ann 1959 Cum Supp § 5.2093]), these 1958 township taxes were part of the personal property of the township on the date annexation became effective and, therefore, should be divided between the city and township, along with the other personal property of the township.

It is the contention of the township that these 1958 taxes had not as yet become personal property of the township on the date of annexation and, therefore, were not subject to division with the city.

It is agreed that January 1, 1958, was the "tax day" for the year 1958,* at which time property located in Fillmore township became subject to township taxes. It is further agreed between the parties that between January 1, 1958, and June 2, 1958, the township supervisor had completed his assessment roll, the township board of review had completed the review of the 1958 assessment roll, the assessment roll was equalized by the county board of supervisors, and that June 2, 1958, was the final date for establishment of a maximum tax rate for townships by the Allegan county tax allocation board.

Subsequent to the date of August 3, 1958, the date upon which the annexation became effective, there still remained the duty of the county board of supervisors of Allegan county to apportion county taxes among cities and townships, and the duty of the supervisor to assess the taxes, as apportioned, at which time, under the statute then existing, the property taxes became a debt to the township. Lastly, it is agreed that on December 1, 1958, the taxes so assessed became a lien on the respective properties of the township.

On December 15, 1959, both municipal corporations filed actions in the circuit court for Allegan county, the township of Fillmore proceeding in an action at law for a writ of mandamus, and the city of Holland proceeding in chancery for an injunction. On February 25, 1960, an order for partial settlement was filed, and the 2 cases combined by agreement, to continue as a case in chancery. On April 1, 1960, the circuit judge for Allegan county entered a written opinion, holding that the 1958 township taxes were personal property and thus subject to division between the city of Holland and the township of Fill-

* See CLS 1956, § 211.13 (Stat Ann 1957 Cum Supp § 7.13).—REPORTER.

more. From this decision, the township of Fillmore appeals.

The particular statute which is applicable to the present problem is section 14 of PA 1909, No 279, as amended (CLS 1956, § 117.14 [Stat Ann 1959 Cum Supp § 5.2093]):

"Whenever a part of a city, village or township is annexed to a city, all of the personal property belonging to any such city, village or township from which territory is detached shall be divided between the township, city or village from which said territory is detached and the city to which the territory is annexed, in the same ratio as the assessed valuation of the taxable property in the territory annexed bears to the assessed valuation of the taxable property in the entire city, village or township from which said territory is taken. * * *

"The indebtedness and liabilities of every city, village and township, a part of which shall be annexed to a city shall be assumed by the city to which the same is annexed in the same proportion which the assessed valuation of the taxable property in the territory annexed bears to the assessed valuation of the taxable property in the entire city, village or township from which such territory is taken. Assessed valuation shall be determined in every division pursuant to this section from the last assessment roll of the city, village or township which has been confirmed by the board of review."

Thus, as indicated in the stated question, decision hinges on the meaning of the term "personal property." Black's Law Dictionary (4th ed), p 1382, defines the term "personal property" as follows:

"In broad and general sense, everything that is the subject of ownership, not coming under denomination of real estate."

American Jurisprudence follows this definition closely:

"In its general or ordinary significance, the term 'personal property' embraces all objects and rights which are capable of ownership except freehold estates in land, and incorporeal hereditaments issuing thereout, or exercisable within the same." 42 Am Jur, Property, § 23.

We are not given much assistance on this task by statutory definition. Michigan lists a number of types of property which are included in the term "personal property," none of them specifically applicable to a township's interest in its taxes.

There is, however, included in the same section a catchall provision which puts us back where we started:

"All other personal property not herein enumerated, and not especially exempted by law." CLS 1956, § 211.8, subd (8) (Stat Ann 1960 Rev § 7.8, subd [8]).

In *Township of Royal Oak* v. *City of Berkley,* 309 Mich 572, this Court held that township accounts receivable were personal property within the meaning of CL 1929, § 2250, as amended by PA 1931, No 233 (Stat Ann § 5.2093), and said (p 580):

" 'Personal property' connotes intangible as well as tangible personal property and must include choses in action."

These last 2 definitions, however, do not give us much assistance on our present problem.

A "chose in action" is defined in Black as:

"A right to personal things of which the owner has not the possession, but merely a right of action for their possession." Black's Law Dictionary (4th ed), p 305.

Fillmore township's interest in 1958 taxes was *not* a chose in action as of the date of annexation of a portion of the township to the city of Holland.

As the law stood at that point, appellant accurately points out that the 1958 taxes were not owing, and were not collectible in a suit at law.

"The taxes thus assessed shall become at once a debt due to the township, city, village and county from the persons to whom they are assessed, and the amounts assessed on any interest in real property shall, on the first day of December, for State, county, village or township taxes or upon such day as may be heretofore or hereafter provided by charter of a city or village, become a lien upon such real property, and the lien for such amounts, and for all interest and charges thereon, shall continue until payment thereof." CL 1948, § 211.40, as amended by PA 1949, No 110 (CLS 1956, § 211.40, Stat Ann 1950 Rev § 7.81).

It seems clear to us, however, that as of August 3, 1958, Fillmore township had a legal interest in its 1958 taxes which in the future was due to be specifically defined as to amount and to become legally collectible.

The fact that this property interest is intangible, uncertain as to amount, and not immediately subject to being reduced to possession, does not deprive it of value and transferability. These are ordinary characteristics of that class of property interests known as future interests.

Simes and Smith define a future interest thus:

"A future interest may be described as an interest in land or other things in which the privilege of possession or of enjoyment is future and not present. It should be emphasized that the interest is an existing interest from the time of its creation, and is looked upon as a part of the total ownership of the land or other thing which is its subject matter. In that sense, the term 'future interest' is somewhat misleading, and it is applied only to indicate that the possession or enjoyment of the subject matter is to

take place in the future.  *  *  *  The essence of a future interest, then, is that it is an interest (1) which potentially gives the holder the privilege of possession or enjoyment at some time in the future, and (2) which is regarded as a part of the total present ownership. It necessarily involves the possibility of legal relations arising in the future, but it also may involve some present legal relations." 1 Simes and Smith, The Law of Future Interests (2d ed), ch 1, § 1, p 2.

Such interests may be, and frequently are, created by statute. 1 Simes and Smith (2d ed), ch 10, § 311 *et seq.* We conclude that the interest in its 1958 taxes which Fillmore township possessed on August 3, 1958, was a future interest in personal property.

The question still remains, however, as to whether or not such a future interest itself comes within the term "personal property" employed in the annexation statute quoted above.

We believe that it does. The apportionment under this statute of contingent and undetermined liability for such items as special assessment bonds and salaries has been approved by this Court. *Township of Dearborn* v. *City of Dearborn,* 308 Mich 284; *Hazel Park Nonpartisan Taxpayers Ass'n* v. *Township of Royal Oak,* 317 Mich 607; *City of Riverview* v. *City of Trenton,* 359 Mich 98. While we deal here with apportionment of assets rather than liabilities, there would seem to be a parallel.

Closer to point is a case which squarely requires apportionment under the statute in question of contingent and unascertained assets represented by a township's claims as to certain special assessments:

"The city's computation of these disputed items also includes money in bank in special assessment district accounts which has not been turned over to the township. The township claims that these items should not have been included in figuring the town-

ship property on hand, that they should not be included in computing the township's liability to the city unless and until they are collected. The court held with the township, that these moneys could not be charged against the township as cash on hand at the time the city was incorporated, because the township had not yet received them. The court further held—and the decree so provides—that the city should be entitled to its share of these moneys only if and when they were collected by the township. The city argues for reversal of this ruling.

"While it is plain that these claims of the township against the special assessment districts are in a sense personal property of the township, the critical issue is whether the township must at this time be held to account for these items as cash, or may the settlement be deferred until these items become cash instead of 'accounts receivable.' This involves a construction of the applicable part of the statute governing the question. It provides:

" 'Whenever a new city shall be incorporated, the *personal property* of the township from which it is taken shall be divided and its liabilities assumed between such city and the portion of the township remaining after such incorporation, in the same ratio as herein provided in case of the annexation of a part of a township to a city.' CL 1929, § 2250, as amended by PA 1931, No 233 (CLS 1940, § 2250, Stat Ann § 5.2093).  *  *  *

"According to the record, some of these special assessment districts are no longer in existence, and a portion of the taxable property in other such districts has become the property of the State for nonpayment of taxes. Any money to be derived from a reassessment of these delinquent special assessments cannot at the present time be classed as cash of the township on hand for *pro rata* accounting to the city. To the extent that these items are 'bad debts,' perhaps worthless items owing to the township, the township cannot be required to include the same in its present accounting. We agree with the trial court that the

city is entitled to its share only if and when the same are collected by the township." *Township of Royal Oak* v. *City of Berkley, supra,* 579–582.

We recognize that the instant case requires us to go a step farther than the Court went in the *Royal Oak Township Case.* In our present case, the right to enforce the debt had not arisen on the annexation day, whereas it had in Royal Oak township.

Like the circuit judge, we do not feel that the fact that Fillmore township could not, on August 3, 1958, sue to enforce payment of 1958 taxes meant that its interest in those taxes were not personal property as that term was employed in CLS 1956, § 117.14 (Stat Ann 1960 Rev § 5.2093). The allocation should be made on the same basis of when, as and if collected, as was done in the *Royal Oak Township Case.*

Affirmed as indicated.   Costs to plaintiff-appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.