The Honorable David S. Clinger Prosecuting Attorney Nineteenth Judicial District P.O. Box 536 Berryville, Arkansas 72616
Dear Mr. Clinger:
This is in response to your request for an opinion regarding the proposed lease of a hospital owned by Carroll County to a private, nonprofit corporation. In your correspondence, you indicate that, under the authority of A.C.A. 14-263-106(a) and 14-265-103, an ordinance providing for the lease of the county hospital was proposed to the Carroll County Quorum Court. You note that the proposed lease would transfer to the nonprofit corporation all assets of the hospital, including cash, accounts receivable and other liquid assets.[1] Arkansas Code Annotated 14-263-106(a) (1987) provides the following:
 Should the board of governors determine that it would be in the best interest of the citizens of the county that the hospital be operated or leased to some individual, firm, or corporation, the board may contract or lease the equipment and hospital facilities to the individual, firm, or corporation for such period of time and for such consideration and conditions as the board may deem wise, subject to approval of the contract or lease by the county judge and the quorum court of the county in which the hospital is located. [Emphasis added.]
Arkansas Code Annotated 14-265-103 (1987) provides the following:
 Any municipality and any county is authorized to acquire, own, construct, reconstruct, extend, equip, improve, maintain, operate, sell, lease, contract concerning, or otherwise deal in or dispose of any land, buildings, improvements, or facilities of any and every nature whatever that can be used for hospitals, nursing homes, rest homes, or related facilities within or near the municipality or county. [Emphasis added.]
As you note in your correspondence, the term "facilities," as used in A.C.A. 14-265-103 (set forth above), is defined in A.C.A. 14-265-101(7) (1987) as follows:
 "Facilities" means any real property, personal property, or mixed property of any and every kind that can be used or that will be used for or in the operation of the hospital, nursing home, rest home, or related facilities including, without limiting the generality of the foregoing, rights-of-way, roads, streets, pipes, pipelines, reservoirs, utilities, materials, equipment, fixtures, machinery, furniture, furnishings, instrumentalities, commodities, supplies, and other real, personal, or mixed property of every kind. [Emphasis added.]
In your correspondence, you also reference Richmond County Hospital Authority v. Richmond County, 255 Ga. 183,336 S.E.2d 562 (1985), which, in your opinion, involves a factual situation similar to the one involving the proposed lease of Carroll County General Hospital with respect to cash and accounts receivable being transferred to the lessee under the lease agreement.
With regard to the proposed lease of Carroll County General Hospital, under which cash, accounts receivable, and other liquid assets will be transferred to the lessee (nonprofit corporation), you have asked for an opinion on the following question:
 Whether the term "facilities," as used in A.C.A. 14-265-103 and as defined in A.C.A. 14-265-101(7), includes cash, accounts receivable, and other liquid assets?
In response to your question, it is my opinion that the answer is "yes," as long as these assets are used or can be used by the lessee in operation of the hospital.
The foregoing opinion is based on the fact that the term "facilities" is defined in A.C.A. 14-265-101(7) to mean, in part, "any real property, personal property, or mixed property of any and every kind that can be used or that will be used for or in the operation of the hospital." [Emphasis added.] In my opinion, the term "personal property," as used in this provision, is broad enough to encompass cash, accounts receivable and other liquid assets that are being transferred pursuant to the lease agreement at issue and which can or will be used by the lessee for hospital purposes. In this regard, it has been stated that the term "personal property," in the broad and general sense, includes everything that is the subject of ownership, except for that property coming under the denomination of real estate. Filmtec Corp. v. Allied-Signal Inc., 939 F.2d 1568, 1572 (Fed. Cir. 1991); City of Holland v. Township of Fillmore, 363 Mich. 38, 108 N.W.2d 840, 842, 843
(1961); Rikard v. Miller, 231 S.C. 98, 97 S.E.2d 257, 262
(1957); Watson v. Caffery, 236 Miss. 223, 109 So.2d 862 (1959); Twiford v. Nueces County Appraisal Dist., 725 S.W.2d 325, 327
(Tex.App. 1987). See also Black's Law Dictionary 1096 (5th ed. 1979). It has also been stated that the term "personal property," in its ordinary as well as its legal sense and meaning, includes stocks, bonds, household goods and cash. In re Lewis' Estate, 407 Pa. 518, 180 A.2d 919, 920 (1962). See also Sims v. Moore, 288 Ala. 630, 264 So.2d 484, 486 (1972) (stating that in ordinary parlance, the term "personal property" includes in its signification, inter alia, money, goods, chattels, and choses in action.) Additionally, the Arkansas "Code of Practice in Civil Cases" defines "personal property" to include "money, goods, chattels, things in action, and evidences of debt." A.C.A. 16-55-102(a)(13) (1987). This code regulates the procedure in all civil actions and proceedings in the courts of this state, except as otherwise provided by law. See A.C.A. 16-55-103(a) (1987). Finally, cash, accounts receivable and other liquid assets are, in my opinion, types of "personal property" which "can be used or that will be used for or in the operation of the hospital," as A.C.A. 14-265-101(7) requires.
In my opinion, the Richmond County case which you reference in your correspondence is also persuasive in this matter. In that case, the Richmond County Hospital Authority's decision to lease a hospital under its jurisdiction to a nonprofit corporation was challenged, in part, on the basis that the transfer of significant amounts of cash and accounts receivable to the lessee (nonprofit corporation) was not a proper subject of a lease. In upholding the lease agreement, the Supreme Court of Georgia stated the following:
 Cash is an asset, and can be transferred, just as an operating-room table, for instance. Under the lease agreement, the cash, accounts receivable and other personal property are conveyed in fee rather than leased, because of the lessee's need to have the freedom to utilize, dispose of, and replace such property during the 40-year term of the lease. . . . `Project,' which is subject to lease under the terms of OCGA 31-7-75(7), is defined in 31-7-71(5) to include `all utilities and facilities deemed by the authority necessary or convenient for the efficient operation thereof.' (Emphasis supplied.) Almost no asset could be more `necessary and convenient' to the operation of a hospital than cash or accounts receivable. . . . The Authority is authorized to sell or lease `facilities' . . . and to `exchange, transfer, assign, pledge, mortgage, or dispose of any real or personal property or interest therein.' (Emphases supplied.) . . . Cash and accounts receivable are personal property.
Richmond County Hospital Authority, 336 S.E.2d at 566.
Finally, your question refers to whether the term "facilities," as defined in A.C.A. 14-265-101(7), includes cash, accounts receivable and other liquid assets, and for the reasons stated above, I have answered your question in the affirmative. However, it should be noted that the definition of "facilities," as appears in A.C.A. 14-265-101(7), is applicable to A.C.A. 14-265-103, rather than to A.C.A.14-263-106(a) (the more specific statute regarding the lease of a county hospital in which it is stated that the "equipment and hospital facilities" may be leased.). See A.C.A. 14-265-101
(1987) (prefacing the definitions contained therein, the phrase "[a]s used in this chapter" appears and 14-263-106(a) is not in that chapter). In your correspondence, you have noted that both A.C.A. 14-263-106(a) and 14-265-103 were cited as authority for proposing the lease involving Carroll County General Hospital. Despite the fact that the term "facilities," as appears in A.C.A. 14-263-106(a), is not defined in the chapter in which it appears (as is the case with that term in14-265-103), it is my opinion that the definition of the term appearing in 14-265-101(7) may be looked to by analogy in construing "facilities" in 14-263-106(a). This result also seems compelled as a practical matter since the assets of the county hospital at issue would presumably be necessary in continuing the operation of the hospital and since, if assets of the hospital such as cash obtained from tax revenues were to remain with the county, the county could not expend the funds for any other purpose. See Bell v. Crawford County, 287 Ark. 251,697 S.W.2d 910 (1985) (stating that a tax dedicated to one purpose cannot be used for another, and that lease of a county hospital does not constitute an illegal exaction.) In sum, it is my opinion that the term "facilities," as appears in both A.C.A. 14-263-106(a) and 14-265-103, can be construed to include the cash, accounts receivable and other liquid assets of Carroll County General Hospital which will be used by the lessee (nonprofit corporation) in operation of the hospital.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] I assume that you are referring to paragraph 17 on page 9 of the lease which is entitled "Assumption and Assignment" and which provides the following: "Subject to any necessary approvals from third parties, Lessor transfers, assigns, and conveys to Lessee its personal property and mixed property of any or every kind that is used in the operation of the hospital, and Lessee assumes all contractual liabilities, both tangible and intangible, of Lessor with respect to its operation of the hospital."